

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 26, 2017 Session



TINA YVETTE VAUGHN v. METHODIST HOSPITAL STAFF &
ADMINISTRATION

Appeal from the Circuit Court for Shelby County
No. CT-000644-15  Robert Samual Weiss, Judge

_____

No. W2016-00422-COA-R3-CV

_____

This is an appeal from the grant of summary judgment, dismissing Appellant's defamation lawsuit against Appellee. The trial court held that Appellant's claim sounded in slander. Because Appellant filed her lawsuit more than six months after the offending statements were made, the trial court granted summary judgment on the sole ground that the applicable statute of limitations for slander, Tenn. Code Ann. § 28-3-103, had run. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN and BRANDON O. GIBSON, JJ., joined.

Tina Yvette Vaughn, Memphis, Tennessee, Pro Se.

Mason W. Wilson, Memphis, Tennessee, for the appellee, Methodist Healthcare-Memphis Hospitals.

**OPINION**

**I. Background**

This case began in the General Sessions Court of Shelby County on July 15, 2014, when Appellant Tina Yvette Vaughn filed a civil warrant against Appellee Methodist

Healthcare-Memphis Hospitals.[1]  Ms. Vaughn alleged "libel / slander / defamation of character / all resulting in my arrest due to false statements to M.P.D."[2]  The general sessions court heard Ms. Vaughn's case on January 28, 2015.  When questioned about the timing of the allegedly defamatory statements, Ms. Vaughn testified, in relevant part, that the statements were made on July 17, 2013:

> Q. So the statement[s] that you base your lawsuit on, those occurred on July 17, 2013?
>
> A. Yes, sir.[3]

The general sessions court dismissed Ms. Vaughn's case on the ground that her defamation claim was time-barred as she had failed to file the lawsuit within the six-month statute of limitations for slanderous defamation actions.  Tenn. Code Ann. § 28-3-103.

On February 6, 2015, Ms. Vaughn appealed the general sessions court's ruling to the Circuit Court for Shelby County (the "trial court").  On October 9, 2015, Appellee filed a motion for summary judgment on the ground that Ms. Vaughn's claim for slander is time-barred.  Ms. Vaughn did not file a response to the motion for summary judgment.  The trial court heard the motion on November 20, 2015.  By order of January 29, 2016, the trial court granted Appellee's motion for summary judgment.  In relevant part, the trial court held:

> 4.  Plaintiff's action against Defendant sounds in slander and Plaintiff has presented no evidence to substantiate a claim against Defendant for libel.
> 5.  Pursuant to Tenn. Code Ann. § 28-3-103, the statute of limitations for slander is six months.
> 6.  Plaintiff did not file this action within the six-month statute of limitations set forth in Tenn. Code Ann. § 28-3-103.
> 7.  Plaintiff's action is time-barred by the statute of limitations.

Ms. Vaughn appeals.

## II. Issue

The sole issue for review is whether the trial court erred in granting summary

---

[1] Ms. Vaughn's warrant incorrectly identified the defendant as "Methodist Hospital / Staff & Administration."  The correct defendant is "Methodist Healthcare-Memphis Hospitals."

[2] The appellate record does not elaborate on the nature of the offending statements.  However, in view of our holding, the substance of the allegedly defamatory remarks is not relevant.

[3] The relevant portions of the transcript of the general sessions' hearing are attached to Appellee's motion for summary judgment.

judgment in favor of Appellee on the ground that Appellant's lawsuit is time-barred.

### III. Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness. **Rye v. Women's Care Center of Memphis, MPLLC**, 477 S.W.3d 235, 250 (Tenn.2015) (citing **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn.1997)). "In doing so, we make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." **Id**. (citing **Estate of Brown**, 402 S.W.3d 193, 198 (Tenn.2013)).

### IV. Analysis

We first note that, while we are cognizant of the fact that Ms. Vaughn is representing herself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." **Brown v. Christian Bros. Univ.**, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." **Hodges v. Tenn. Att'y Gen**., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); **Paehler v. Union Planters Nat'l Bank, Inc**., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." **Young v. Barrow**, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); **Edmundson v. Pratt**, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); **Kaylor v. Bradley**, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

As set out above, the trial court determined that Ms. Vaughn's claims against Appellee sounded in slander and not in libel. Libel and slander are both forms of defamation—libel being written defamation and slander being spoken defamation. **Quality Auto Parts Co., Inc. v. Bluff City Buick Co., Inc.**, 876 S.W.2d 818, 820 (Tenn.1994). The distinction becomes important when the statute of limitations is at issue. Tennessee Code Annotated Section 28-3-104 provides a one-year statute of limitations for libelous defamation, whereas Tennessee Code Annotated Section 28-3-103 provides that: "Actions for slanderous words spoken shall be commenced within six (6) months after the words are uttered." Although Ms. Vaughn's general sessions' warrant avers a claim for libel, in her general sessions court testimony (which was offered in support of Appellee's motion for summary judgment), she testified that the offending statements were "statements that the personnel at Methodist **said** to the police officers." At the hearing on the motion for summary judgment, Appellant stated that she attempted

to obtain an incident report from Methodist, which might provide a basis for a libel claim; however, she did not produce these records. At the hearing, Ms. Vaughn also proffered "an article" that was published in the newspaper (this "article" is not included in our record). The trial court reminded Ms. Vaughn that the article "was not a publication made by Methodist," and that Ms. Vaughn had stated, at the general sessions court hearing, that the news story "has nothing to do with what I'm alleging happened at Methodist. . . ." In short, Ms. Vaughn provided no evidence of any written statement by Methodist that would form the basis for a libelous defamation action. Rather, Ms. Vaughn stated that her defamation claim was based on what was said by Methodist personnel to police officers. Accordingly, we conclude that the trial court correctly held that Ms. Vaughn's only claim was for slander. As such, Ms. Vaughn's lawsuit is governed by the six-month statute of limitations applicable to slander claims. Tenn. Code Ann. § 28-3-103. As discussed above, Ms. Vaughn stated that the offending statements were made on July 17, 2013, and this fact is not disputed in the record. Her lawsuit was filed on July 15, 2014, which is more than six months after the statements were uttered. As such, her claim is time-barred.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Tina Yvette Vaughn. Because Ms. Vaughn is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE