**Brenda EDMUNDSON, Plaintiff–Appellant,**

v.

**Dennis and Wilma PRATT, and Detective Larry Johnson and Knox County Sheriff's Department, Defendants–Appellees.**

Court of Appeals of Tennessee,
Eastern Section.

Dec. 23, 1996.

Application for Permission to Appeal
Denied by Supreme Court
May 5, 1997.

Brenda Edmundson, Knoxville, pro se.

Mary Ann Stackhouse, Deputy Knox County Law Director, Knoxville, for Appellees Larry Johnson and Knox County Sheriff's Department.

Carl W. Eshbaugh, Eshbaugh, Simpson and Varner, Knoxville, for Appellees Dennis and Wilma Pratt.

## OPINION

SUSANO, Judge.

The plaintiff filed a civil warrant in the Knox County General Sessions Court for false arrest and other related matters. After an adverse judgment there, the plaintiff appealed to Circuit Court. On June 17, 1996, an order was entered in that court dismissing the plaintiff's causes of action against defendants Larry Johnson and the Knox County Sheriff's Department. This case was finally concluded at the trial court level when the suit against the remaining defendants, Dennis Pratt and Wilma Pratt, was dismissed on their motion by judgment entered August 6, 1996. On Friday, September 6, 1996, the thirty-first day following the entry of the judgment, the plaintiff filed a notice of appeal.

■ The notice of appeal was not timely filed. Rule 4(a) of the Tennessee Rules of Appellate Procedure provides that the notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from." Rule 21(a) of the same rules provides that "the date of the act, event, or default after which the designated period of time begins to run shall not be included." This means that the date of August 6 is not included, thus leaving 25 days in the month of August which are chargeable against the 30–day time period specified in Rule 4(a). The remaining five days of the 30–day period are the days of September 1 through 5, inclusive. The notice of appeal had to be filed on or before September 5. Therefore, a notice of appeal filed on September 6 was filed one day too late.

Can we ignore this late filing? The answer is clearly no. Rule 2 of the Tennessee Rules of Appellate Procedure specifically provides that an appellate court "shall not permit the extension of time for filing a notice of appeal prescribed in rule 4." *See John Barb, Inc. v. Underwriters at Lloyds,* 653 S.W.2d 422, 424 (Tenn.App.1983). Rule 21(b), T.R.A.P., is to the same effect.

Since the notice of appeal was not filed within 30 days of the entry of the judgment of August 6, 1996, we do not have jurisdiction

to hear this appeal. *John Barb, Inc.*, 653 S.W.2d at 424. *See also Jefferson v. Pneumo Services Corp.*, 699 S.W.2d 181, 184 (Tenn. App.1985).

Litigants who proceed *pro se* are entitled to fair and equal treatment; but "they must follow the same procedural and substantive law as the represented party." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn.App.1988).

This appeal is dismissed at the appellant's costs. This case is remanded to the trial court for the collection of costs assessed there, pursuant to applicable law.

GODDARD, P.J., and McMURRAY, J., concur.