IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 9, 2008


**MICHAEL PHILLIPS**

**v.**

**TENNESSEE BOARD OF PROBATION AND PAROLE**


Appeal from the Chancery Court for Davidson County
No. 06-3051-III      Ellen H. Lyle, Chancellor

_____

**No. M2007-00573-COA-R3-CV - Filed May 29, 2008**

_____


This appeal involves the denial of a petition for a writ of certiorari. The appellant prisoner was denied a hearing in front of the appellee board of probation and parole. The prisoner thereafter filed a petition with the chancery court, seeking review of the board's decision. The chancery court entered an order stating that, in order to avoid dismissal of his petition, the prisoner was required to file, among other documents, a summons for each defendant, with a copy of the petition for each summons to be issued. The prisoner failed to file the summonses, and the chancery court dismissed the petition without prejudice. The prisoner appeals the dismissal, alleging numerous federal constitutional violations. We affirm, finding that the chancery court properly dismissed the petition without prejudice for failure to file a summons.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., concurred; W. FRANK CRAWFORD, J., not participating.

Michael Phillips, Mountain City, Tennessee, appellant pro se

Tennessee Board of Probation and Parole, appellee (no brief filed)

Petitioner/Appellant Michael Phillips ("Phillips") is incarcerated in Mountain City, Tennessee. On September 29, 2006, Phillips sent a letter to the Respondent/Appellee Tennessee Board of Probation and Parole ("Board"),[2] stating:

> After a careful review of all the statutes, rules and policies that were in existence on the date of my offenses, as well as all current legislative enactments in regard to parole, I have come to the conclusion that the Board is acting illegally and wholly exceeding the authority vested in them by the General Assembly.

Having concluded that the Board was acting illegally, Phillips requested that the Board "immediately set a date" for a parole grant hearing. The Board denied this request, noting that Phillips's next parole hearing was scheduled for August, 2011.

After receiving this denial of his request for a hearing, on December 18, 2006, Phillips petitioned the Chancery Court for Davidson County, Tennessee for a writ of certiorari. In the petition, Phillips sought "a judicial review of the recent action of the Tennessee Board of Parole . . . in the matter of a refusal to set a parole grant hearing according to law." Phillips alleged that the Board was "acting illegally and [had] aggrieved [Phillips] by its actions." The style of Phillips's petition indicated that it was filed against the Board and its members. The record contains no responsive pleadings from any of the respondents.

On January 3, 2007, the Chancery Court entered an order giving Phillips thirty days to comply with the requirements of Tennessee Code Annotated §§ 41-21-801 through -818, in order to avoid dismissal of his petition without prejudice.[3] Specifically, the order required that Phillips file a pauper's oath; an affidavit containing the information required by section 41-21-805;[4] partial

---

[1]**Rule 10. MEMORANDUM OPINION**

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]The record before this Court is devoid of any responsive pleadings from any of the respondents. Additionally, the Appellee in this matter did not file a brief, leaving this Court with a dearth of background information in this case.

[3]Chapter 21, Part 8 of Title 41of the Tennessee Code outlines the procedures that inmates must follow when filing lawsuits.

[4]Section 41-21-805 states:

(a)Any inmate who files a claim with an affidavit of inability to pay costs shall file a separate affidavit

(continued...)

payment of the filing fee as required by section 41-21-807;[5] and a summons in duplicate for each defendant, with a copy of the petition for each summons to be issued.

On January 25, 2007, Phillips filed the affidavit required by section 41-21-805, as well as a pauper's oath. In his affidavit, Phillips acknowledged that he had filed "several lawsuits, civil and criminal, in the courts of the State of Tennessee since his arrest and incarceration in 1968." He stated, however, that he had kept no copies of the lawsuits he filed and explained that, "due to the passage of time," he had no independent recollection of the nature of his previous lawsuits. Phillips did not file any of the summonses required by the January 3 order. Accordingly, on February 8, 2007, the Chancery Court entered an order dismissing Phillips's petition without prejudice for failure to file the required summonses. Phillips now appeals the dismissal without prejudice of his petition.

---

[4](...continued)
with the following information:
> (1) A complete list of every lawsuit or claim previously filed by the inmate, without regard to whether the inmate was incarcerated at the time any claim or action was filed; and
> (2) For each claim or action listed in subsection (a):
>> (A) The operative facts for which relief was sought;
>> (B) The case name, case number and court in which the suit or claim was filed;
>> (C) The legal theory on which the relief sought was based;
>> (D) The identification of each party named in the action; and
>> (E) The final result of the action, including dismissal as frivolous or malicious under this part or otherwise.
>
> (b) If the affidavit filed under this section states that a previous suit was dismissed as frivolous or malicious, the affidavit must state the date of the final order affirming the dismissal.
> (c) The affidavit must be accompanied by a current certified copy of the inmate's trust account statement.

T.C.A. § 41-21-805 (2006).

[5]Section 41-21-807 states, in part:

> (a) An inmate seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor, in addition to filing the affidavit required by § 41-21-805, shall submit a certified copy of the trust fund account statement, or the institutional equivalent, for the inmate for the six-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each facility at which the inmate is or was confined.
> (b)(1) If an inmate brings a civil action or files an appeal in forma pauperis, the inmate shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of twenty percent (20%) of the grater of the average monthly:
>> (A) Deposits to the inmate's account; or
>> (B) Balance in the inmate's account for the six-month period immediately preceding the filing of the complaint or notice of appeal.

T.C.A. § 41-21-807(a), (b)(1) (2006).

On appeal, Phillips asserts that he has been denied rights guaranteed under the First, Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution. He asks this Court to reverse the trial court's denial of his petition for a writ of certiorari. Phillips also requests appointed counsel to assist him with this case. The Board has not filed a brief with this Court.

As only legal issues are presented for review in this appeal, our review is *de novo* on the record, with no presumption of correctness. *Campbell v. Fla. Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

A plaintiff commences a civil lawsuit "by filing a complaint with the clerk of the court." Tenn. R. Civ. P. 3. After the complaint is filed, a summons must be issued; copies of both the summons and the complaint must then be served on the defendant. Tenn. R. Civ. P. 4.01(1). Rule 4.01 does not require the petitioner or plaintiff to furnish the clerk of the court with a copy of the summons. *Id.* The comments to Rule 3 indicate that it is appropriate for local rules and customs to determine the manner in which a summons should be drawn up. Tenn. R. Civ. P. 3 advisory commission comments ("Some clerks by local court rule may want to require lawyers to file a summons – not to toll the running of a statute of limitations, but rather to assist the clerks' workloads. Other clerks may want to handle the chore themselves. Either position is appropriate under revised Rule 3."). Rule 4.04, however, states, "The plaintiff shall furnish the person making the service with such copies of the summons and complaint as are necessary." Tenn. R. Civ. P. 4.04. A complaint or petition may be dismissed for failure to prosecute if the plaintiff or petitioner fails to file a summons without good reason. *Hodges v. Attorney Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (affirming the chancery court's dismissal of a prisoner's complaint for failure to file a summons and failure to prosecute).

Although self-represented parties are entitled to "fair and equal treatment by the courts," *Id.* (citing *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)), they must comply with applicable substantive and procedural rules. *Id.* (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)). Specifically, all parties, including self-represented parties, must comply with Rules 3 and 4 of the Tennessee Rules of Civil Procedure.[6] The trial court has the inherent authority to control its docket by dismissing cases in which the parties fail to comply with procedural rules or court orders. *See, e.g.,* Tenn. R. Civ. P. 41.02(1); *see also Hodges*, 43 S.W.3d at 921.

Phillips failed to cause the necessary summonses to be issued, and gives no explanation for his failure to do so. As a result, his petition was dismissed without prejudice. The trial court was well within its authority to dismiss Phillips's petition without prejudice for failure to file the necessary summonses. Because the dismissal is without prejudice, Phillips may re-file his petition,

---

[6]Phillips generally argues that we should ignore "legalistic requirements" because he is a prisoner representing himself. However, far from being a meaningless requirement, the filing of the complaint and the issuance of a summons, are basic, essential requirements for commencing an action. They provide the defendants or respondents with notice that an action has commenced and that they must appear in court. *See* Tenn. R. Civ. P. 4.02.

but he must comply with the Chancery Court's order.  Accordingly, we find no error in the Chancery Court's dismissal without prejudice of Phillips's petition.

The decision of the trial court is affirmed.  The costs of this appeal are to be taxed against Petitioner/Appellant Michael Phillips, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE