IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 3, 2012

IN RE ESTATE OF MARY GLADYS GIBSON

Appeal from the Chancery Court for Hamilton County
No. 00P056    Hon. Howell N. Peoples, Chancellor

No. E2010-01029-COA-R3-CV-FILED-JULY 2, 2012

This is an estate case in which Bobbie Bryant appeals the trial court's affirmation of the fifth and final accounting of the deceased's estate. Having concluded that the issues raised on appeal do not pertain to the fifth and final accounting of the estate, we affirm the decision of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Bobbie Bryant, Chattanooga, Tennessee, appellant, pro se.

Philip B. Whitaker, Jr., Chattanooga, Tennessee, for the appellee, Cynthia Jane Gibson.

**OPINION**

**I.  BACKGROUND**

Mary Gladys Gibson ("Deceased") died testate on July 22, 1999. Deceased's will provided that two of her nieces, Cynthia Jane Gibson ("Executor") and Susan Camelle Gibson ("Co-executor"), were to be executors of her estate. The nieces were unable to peaceably complete their duties, and Executor assumed the duties bestowed upon her, despite repeated protests and disagreement amongst her sisters, Co-executor, Bobbie Bryant ("Beneficiary"), and Amanda Lopez.

Executor filed five accountings of the estate, reflecting the value of the assets and the amount of disbursements throughout her tenure as executor. The first accounting reflected that the estate had the following three assets:

1. A 49 percent interest in Gibson Family Partners, L.P., valued at $454,992.81[1];

2. Personal effects and chickens, valued at $20,000; and

3. Property located in Florida, valued at $580.

Taking into account recent receipts and disbursements, Executor asserted that the estate had an estimated value of $475,609.17. No objections were filed regarding this accounting, which was approved by the court. The second accounting reflected two disbursements for expenses, totaling $297.24. Executor also reported that the chickens had died of unknown causes and that John C. Gibson, Decedent's brother and Executor's father, had given his interest in Decedent's personal effects to Co-executor. Therefore, the items remaining in the estate had an estimated value of $455,375.57. No objections were filed regarding this accounting, which was approved by the court. The third accounting reflected several disbursements, totaling $430,258.86 and no longer provided an estimated value of the Florida property, leaving an estimated $24,536.71 in the estate. No objections were filed regarding this accounting, which was approved by the court. The fourth accounting reflected several disbursements totaling $10,109.89, leaving an estimated $14,426.82 in the estate. No objections were filed regarding this accounting, which was approved by the court.

The fifth and final accounting of the estate was filed on September 9, 2009, reflecting the final disbursements of the account as follows:

| Payee | Amount |
|---|---|
| [Law firm] | $3,650.55 |
| Mary Ellen Davis | $67.32 |
| Court costs | $905.50 |
| Final disbursement - Amanda Lopez | $2,450.86 |
| Final disbursement - [Beneficiary] | $2,450.86 |
| Final disbursement - [Co-executor] | $2,450.86 |
| Final disbursement - [Executor] | $2,450.86 |

---

[1]This amount represents Deceased's ownership interest of the amount realized from the sale of the family farm ("the Gibson Farm"), which was located in Hamilton County.

Total disbursements:          $14,426.82

The final accounting reflected that the check made payable to Mary Ellen Davis was executed in fulfillment of the "[f]inal bill for Florida attorney services for evaluation of matters relating to Florida property."

Beneficiary filed an objection to the fifth accounting, which is the subject of this appeal. Beneficiary argued that there had been no accounting of the Florida property even though an attorney was paid for work related to the Florida property; that the fees paid to the law firm should be refunded because the chancery court found that the estate documents prepared by the firm had no value; that she had not received her final disbursement; and that Executor had "not brought the reasonable interest into the estate which was, or should have been, earned on monies" deposited in the bank.

A hearing was held at which Co-executor and Executor testified. Co-executor testified that Executor had not communicated with her for approximately seven years. She asserted that she had contacted an attorney who could facilitate the sale of the Florida property but admitted that she had not hired the attorney because she was waiting for Executor's approval. She acknowledged that she had been advised to handle the sale herself. Executor admitted that she refused to communicate with her sisters because of their treatment of her and that she directed them to speak with her attorney. She acknowledged that she did not deposit the money from the estate into an interest bearing account but asserted that she was unable to open an interest bearing account.

Following the hearing, the court ratified and affirmed the final accounting, finding that while there had been no accounting with respect to the Florida property, a proceeding could be instituted by the other beneficiaries. The court also found no evidence to suggest that Decedent's estate documents "ha[d] no value." The court rejected Beneficiary's assertions that there had not been a final accounting of the estate, that Beneficiary had not received her portion of the estate, and that Executor had not properly invested the funds in the estate prior to the final accounting. This timely appeal followed.

## II. ISSUE

We consolidate and restate the issue raised on appeal as follows:

Whether this court may perform the function of a trial court and consider matters not properly raised and addressed in the trial court.

## III. STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Mixed questions of law and fact are reviewed de novo with no presumption of correctness; however, appellate courts have "great latitude to determine whether findings as to mixed questions of fact and law made by the trial court are sustained by probative evidence on appeal." *Aaron v. Aaron*, 909 S.W.2d 408, 410 (Tenn. 1995).

## IV. DISCUSSION

As a threshold issue, we must address the fact that there are a multitude of problems with Beneficiary's brief. She failed to comply with any of the requirements contained in Rule 27(a) of the Tennessee Rules of Appellate Procedure and presented a rambling and, at times, incoherent brief. Furthermore, by not providing any relevant citations to the record, Beneficiary has failed to comply with Rule 6 of the Tennessee Court of Appeals which states in part:

> (b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. Ct. App. R. 6(b). Failure to comply with these rules may result in waiver of the issues presented for review by this court. *Bean v. Bean*, 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000). We believe that these shortcomings in the brief are due, in part, to the fact that Beneficiary has essentially asked this court to sit as a trial court. We acknowledge that pro se litigants should be granted a certain amount of leeway in drafting their pleadings and briefs; however, this court "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995)).

By way of explanation, we note that Beneficiary was repeatedly advised at the hearing on her objection to the final accounting that she could not present evidence that was not

relevant to her objection. She now wishes to present the excluded evidence to this court for our review. From our review of the record, it appears that Beneficiary does not take issue with the court's affirmation of the final accounting of Decedent's estate but that she believes that Decedent's 49 percent share of Gibson Family Partners, L.P. was undervalued. She asserts that fraudulent estate planning documents prepared for her father, John C. Gibson, led to the sale of the Gibson Farm for less than its value, resulting in the aforementioned deficiency in Decedent's estate. She contends that the Gibson Farm was worth approximately 40 million dollars but that the sale of the farm yielded approximately 1 million dollars. She explains that Decedent's 49 percent share of Gibson Family Partners, L.P. was valued at less than $500,000 because of the fraudulent sale. She believes that she is entitled to recover 40 million dollars from Hamilton County because the Gibson Farm "was taken by Hamilton County absent just compensation." She also believes that she is entitled to recover 10 million dollars from the attorneys[2] involved in drafting the estate planning documents.

While these matters are loosely related to Decedent's estate, this appeal is not the avenue in which to seek the relief Beneficiary desires, namely an action against those involved in the sale of the Gibson Farm. Appellate courts "cannot exercise original jurisdiction" and act as the "trier-of-fact." *Peck v. Tanner*, 181 S.W.3d 262, 265 (Tenn. 2005) (citations omitted); *see also Pierce v. Tharp*, 461 S.W.2d 950, 954 (Tenn. 1970) (rejecting appellants' "novel" request to adduce proof in support of their motion). Indeed, the jurisdiction of this court is "appellate only." Tenn. Code Ann. § 16-4-108. Accordingly, we affirm the ratification of the final accounting because Beneficiary has not raised any issues relevant to our review of that accounting.

## V. CONCLUSION

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Bobbie Bryant.

_____
JOHN W. McCLARTY, JUDGE

---

[2]She notes that law firms should be liable for the actions of "attorney employees."