
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2016 Session

## SAMUEL CHANDLER v. CYNTHIA PERKINS FRAZIER A/K/A CYNTHIA EDWARDS

**Appeal from the Chancery Court for Shelby County
No. CH-15-1091 Walter L. Evans, Judge**



**No. W2016-00960-COA-R3-CV**

Appellant appeals the trial court's dismissal of his complaint to quiet title. Appellant claimed that Appellee's title was procured by fraud. The trial court denied relief. Because the trial court's order does not contain sufficient findings and conclusions of law as required by Tennessee Rule of Civil Procedure 52.01, we vacate the order and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Samuel Chandler, Memphis, Tennessee, appellant, *pro se*.

Cynthia Perkins Frazier, Memphis, Tennessee, appellee, *pro se*.

### MEMORANDUM OPINION[1]

### I. Background

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

On August 18, 2015, Samuel Chandler ("Appellant"), along with Chester Chandler, Ruth Chandler Sanders, and "Unknown Heirs," acting *pro se*, filed a complaint in the Shelby County Chancery Court ("trial court") to quiet title and for restoration of deed on the ground of fraudulent conveyance.[2] The property at issue is 717 Josephine Street, Memphis, Tennessee ("the property"). The complaint alleged that Cynthia Perkins Frazier, also known as Cynthia Edwards ("Appellee"), had fraudulently received a quitclaim deed for the property. With the complaint, Appellant filed copies of the following quitclaim deeds to the property:

(1) From John Chandler to Mary Perkins, mother of Appellee and daughter of John Chandler, dated March 7, 2000;
(2) From Mary Perkins to Cynthia Edwards and Mary Perkins, dated July 24, 2000; and
(3) From Cynthia Edwards and Mary Perkins to Cynthia Edwards, dated February 6, 2007.

All of the quitclaim deeds were filed with the Shelby County Registrar. Appellant alleged that John Chandler's signature on the March 7, 2000 deed was fraudulent. Therefore, Appellant argued that any deeds executed by Mary Perkins were invalid and should be set aside, thus restoring ownership of the property to Appellant and John Chandler's heirs.

On September 9, 2015, Appellee, acting *pro se*, filed an answer, alleging that the statute of limitations had run because the allegedly fraudulent deed was filed with the registrar in 2000. Concurrent with her answer, Appellee filed a motion to dismiss the complaint on the grounds that Appellant had failed to plead fraud sufficiently and that, regardless, the statute of limitations for fraud had run.

On January 28, 2016, the trial court heard the case. In its order entered on April 4, 2016, the trial court stated:

> This cause came to be heard before this Honorable Court, on this, the 28th day of January, 2016, upon statement of counsel for the Plaintiffs, all the witnesses herein, and all proof presented by both parties…, the Court finds that the complaint should be denied and cost be assessed to the Plaintiff.
>
> It is, therefore, ordered, adjudged and decreed that the Complaint is denied. Costs in this matter are assessed against the Plaintiff.

Acting *pro se*, Appellant appeals.

---

[2] The additional parties of Chester Chandler, Ruth Chandler Sanders, and "Unknown Heirs" did not join in the appeal.

## II. Issues

In his brief, Appellant states the issues for review as follows:

(1) Whether the Chancery Court erred in denying Appellant/Plaintiff's Complaint to Quiet Title and Restoration of Deed due to Fraudulent Conveyance by ruling that the Statute of Limitations for Fraud expired.

(2) Whether the Quit Claim Deed executed on March 7, 2000 was valid, thereby validating the Quit Claim Deed on July 24, 2000 and Quit Claim Deed February 7, 2007.

(3) Whether the Chancery Court erred in not making a ruling on the issue of Adverse Possession.

## III. Analysis

We first note that, while we are cognizant of the fact that these parties are representing themselves in this appeal, it is well-settled that "*pro se* litigants are held to the same procedural and substantive standards to which lawyers must adhere."[3] *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

Unfortunately, we cannot reach the substantive issues in this case due to a procedural shortcoming in the record. In the first instance, the record does not contain a transcript of the proceedings. Furthermore, there is no Tennessee Rule of Civil Procedure 24(c) statement of the evidence adduced at the hearing. It is, of course, incumbent upon the parties to prepare the record for appeal. Tenn. R. App. P. 24(a); *see, e.g., Hughes v. New Life Dev. Corp.*, 387 S.W.3d 453, 458 n.4 (Tenn. 2012) ("[A]ppellants have a duty to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court in order to allow meaningful review on appeal."). That being said, this Court's ability to review the actions of the trial court is further stymied by the lack of findings in the trial court's April 4, 2016 order, *supra*.

---

[3] Appellant was represented by counsel at trial but is proceeding *pro se* in this appeal.

Tennessee Rule of Civil Procedure 52.01 provides, in relevant part:

In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment.

As set out in full context above, the trial court's order states only that, "[i]t is, therefore, ordered, adjudged and decreed that the Complaint is denied." Although Appellant frames his issues so as to infer that the trial court's adjudication was based on its determination that the statute of limitations for fraud had expired, that the disputed quitclaim deeds were valid, and that there was no adverse possession, these grounds are simply not found in the trial court's order. "No principle is better known than that which states that a Court speaks through its orders and decrees entered upon the minutes of the Court." ***Palmer v. Palmer***, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). Here, the trial court provides this Court with no basis upon which to review its decision. In fact, from the trial court's statement that "the Complaint is denied," we cannot determine whether adjudication was on the merits or on grant of Appellee's motion to dismiss. Furthermore, without a transcript or statement of the evidence, we cannot make this necessary determination on a review of the record. As this Court has stated in ***Babcock v. Babcock***, No. E2014-01670-COA-R3-CV, 2015 WL 1059003, at *6 (Tenn. Ct. App. Mar. 9, 2015):

[T]he requirement to make findings of fact and conclusions of law is "not a mere technicality." ***In re K.H.***, No. W2008-01144-COA-R3-PT, 2009 WL 1362314, at *8 (Tenn. Ct. App. May 15, 2009). Instead, the requirement serves the important purpose of "facilitat[ing] appellate review and promot[ing] the just and speedy resolution of appeals." ***Id.***; ***White v. Moody***, 171 S.W.3d 187, 191 (Tenn. Ct. App. 2004); ***Bruce v. Bruce***, 801 S.W.2d 102, 104 (Tenn. Ct. App. 1990). "Without such findings and conclusions, this court is left to wonder on what basis the court reached its ultimate decision." ***In re K.H.***, 2009 WL 1362314, at *8.

Accordingly, we vacate the trial court's order and remand for entry of an order complying with Tennessee Rule of Civil Procedure 52.01.

## IV. Conclusion

For the foregoing reasons, we vacate the trial court's order. The case is remanded for such further proceedings as are necessary and consistent with this opinion. Costs of the appeal are taxed to the Appellant, Samuel Chandler. Because Mr. Chandler is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

- 4 -

_____
KENNY ARMSTRONG, JUDGE