IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 25, 2020

**XINGKUI GUO v. JON DAVID ROGERS**

**Appeal from the Circuit Court for Davidson County**
**No. 18c2570  Thomas W. Brothers, Judge**
_____

**No. M2020-01321-COA-T10B-CV**
_____

This accelerated interlocutory appeal is taken from the trial court's order denying Appellant's motion for recusal. Because there is no evidence of bias that would require recusal under Tennessee Supreme Court Rule 10B, we affirm the judgment of the trial court.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Judgment of the Circuit Court**
**Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J. and ANDY D. BENNETT, J., joined.

Xingkui Guo, Nashville, Tennessee, appellant, pro se.

Jon David Rogers, Hendersonville, Tennessee, appellee, pro se.

**OPINION**

**I. Background**

This case arises from a petition to recuse filed in the Davidson County Circuit Court ("trial court"). In 2016, attorney Jon David Rogers ("Appellee") represented Xingkui Guo ("Appellant") as plaintiff in a malicious prosecution case. In 2017, Mr. Guo's complaint for malicious prosecution was dismissed. On October 8, 2018, Mr. Guo sued Mr. Rogers for legal malpractice. On October 25, 2019, Mr. Rogers filed a motion for summary judgment. On January 31, 2020, the trial court granted the motion for summary judgment and dismissed the legal malpractice case. In February 2020, Mr. Guo filed a "motion to revise summary judgment," asking the trial court to "reinstate

[his] claims for legal malpractice."[1]  On July 10, 2020, the trial court heard the motion to revise.  By order of August 6, 2020, the trial court denied the motion.  On July 19, 2020, Mr. Guo filed a motion for recusal, which the trial court denied by order of September 4, 2020.

On September 24, 2020, Mr. Guo filed his appeal to this Court.  After reviewing the petition and supporting documents, we conclude that an answer, additional briefing and oral argument are unnecessary.  Accordingly, we will act summarily on the appeal in accordance with Tennessee Supreme Court Rule 10B, sections 2.05 and 2.06.

## II. Issues

Mr. Guo's statement of the issues contains several arguments concerning both the trial court's denial of the motion to recuse and the merits of the trial court's other rulings related to the summary judgment.  The only order this Court may review on an appeal under Tennessee Supreme Court Rule 10B is the trial court's order denying a motion to recuse.  *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]").  Accordingly, the sole issue is whether the trial court erred in denying Mr. Guo's motion for recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at \*5 (Tenn. Ct. App. May 8, 2015).

## III. Standard of Review

Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a *de novo* standard of review with no presumption of correctness.  Tenn. Sup. Ct. R. 10B, § 2.01.  The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *Williams by & through Rezba*, 2015 WL 2258172, at \*5 (citing *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at \*3 (Tenn. Ct. App. Feb. 11, 2014)).

We further note that while we are cognizant of the fact that Mr. Guo is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013).  This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen*., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc*., 971 S.W.2d 393, 396 (Tenn. Ct.

---

[1]  The trial court treated the motion as one to alter or amend the grant of summary judgment.  However, for purposes of this opinion, we will refer to it as the "motion to revise."

App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

## IV. Analysis

As a preliminary matter, we note that Mr. Guo did not include his motion for recusal in the appellate record.[2] Tennessee Supreme Court Rule 10B, section 2.03 provides that a petition for recusal *shall* be accompanied by a copy of the motion for recusal filed with the lower court. Tenn. Sup. Ct. R. 10B, § 2.03 (emphasis added). Although Mr. Guo failed to include his motion in the appellate record, the record contains the trial court's order denying the motion. In its order, the trial court clearly establishes the parameters of Mr. Guo's motion to recuse and clearly outlines his arguments in favor of recusal. As such, we are able to glean Mr. Guo's arguments from the trial court's order and from the other documents in the record. Therefore, Mr. Guo's omission of the motion for recusal from the appellate record is not fatal to our ability to review the trial court's ruling, and we will proceed with adjudication of the appeal on the merits. However, we caution litigants that "while in this case we chose to proceed with our review despite the fact that [a party] chose not to abide by the rules of th[e] [Tennessee Supreme] Court, we cannot say we will be so accommodating and choose to do the same in the future." *Watson v. City of Jackson*, 448 S.W.3d 919, 928 (Tenn. Ct. App. 2014) (quoting *Wells v. Wells*, No. W2009-01600-COA-R3-CV, 2010 WL 891885, *4 (Tenn. Ct. App. March 15, 2010)).

Turning to the question of recusal, as explained in the trial court's order, the gravamen of Mr. Guo's argument for recusal concerns the trial court's disposition of two ancillary motions, i.e., a February 14, 2020 motion for sanctions and the February 27, 2020 motion to revise the grant of summary judgment.

Concerning the ground for recusal stemming from the trial court's denial of Mr. Guo's motion for sanctions, in its order denying recusal, the trial court held that

> [t]o [the] extent this present motion [for recusal] alleges impartiality regarding the hearing and order on the Motion for Sanctions, the Court

---

[2] We also note that some of the documents Mr. Guo provided to this Court on appeal are not filed-stamped copies. "As such, we cannot conclusively determine that the copies provided by [Mr. Guo] as part of the record for our review are copies of the actual documents filed by [him] in the trial court." *Smith v. Daniel*, No. M2019-02083-COA-T10B-CV, 2019 WL 6825976, at *1 (Tenn. Ct. App. Dec. 13, 2019). Nevertheless, giving Mr. Guo the benefit of the doubt, we will treat the documents as copies of those filed in the trial court. *See id.* (citing *Elliott v. Elliott*, No. E2012-02448-COA-10B-CV, 2012 WL 5990268, at *3 n.1 (Tenn. Ct. App. Nov. 30, 2012)).

finds that [Appellant] has not timely brought these allegations before the Court. A motion to recuse must be filed promptly after the facts forming the basis for the motion become known. ***Cain-Swope v. Swope***, 523 S.W.3d 79, 87-88 (Tenn. Ct. App. 2016)[.]

The failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality. ***Id.*** Moreover, courts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order to experiment with the court and raise the objection later when the result of the trial is unfavorable. ***Id.***

The [c]ourt finds that [Appellant]'s allegations regarding impartiality surrounding the Motion for Sanctions heard on February 28, 2020 are waived because they were not timely raised. Therefore, the [c]ourt will not consider them for the purposes of this motion.

Under Tennessee Supreme Court Rule 10B, section 1.01, "[a]ny party seeking disqualification, recusal, or a determination of constitutional or statutory incompetence of a judge of a court of record . . . shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Tenn. Sup. Ct. R. 10B, § 1.01; ***Cain-Swope v. Swope***, 523 S.W.3d 79, 88 (Tenn. Ct. App. 2016), *perm. app. denied* (Tenn. April 12, 2017) (citation omitted) ("[A] recusal motion must be filed promptly after the facts forming the basis for the motion become known, and the failure to assert them in a timely manner results in a waiver of a party's right to question a judge's impartiality."). Here, the trial court heard the motion for sanctions on February 28, 2020 and denied the motion by order of March 11, 2020. From the hearing and order, Mr. Guo would have "learned of the facts establishing the basis for recusal," yet he waited until July 19, 2020 to file his motion for recusal. *See* Tenn. Sup. Ct. R. 10B, § 1.01. As noted by the trial court, Mr. Guo's timing is suspect given the fact that his motion to revise the summary judgment was heard on July 10, 2020. Although the trial court did not enter its order denying the motion to revise until August 6, 2020, the trial court orally denied the motion at the hearing on July 10, 2020. Rather than filing his motion for recusal immediately after he received an unfavorable ruling on his motion for sanctions, Mr. Guo apparently waited until he received the subsequent adverse ruling on his motion to revise before alleging bias on the part of the trial court. As this Court has cautioned that

our "[c]ourts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order 'to experiment with the court . . . and raise the objection later when the result of the trial is unfavorable.'" ***Kinard*** [***v. Kinard***,] 986 S.W.2d [220,] at 228 [(Tenn. Ct. App. 1998)] (quoting ***Holmes v. Eason***, 76 Tenn. 754, 757 (1882)).

***Cain-Swope***, 523 S.W.3d at 88.  If Mr. Guo had legitimate grounds for recusal stemming from the trial court's denial of his motion for sanctions, it was incumbent on him to bring his concerns to the trial court's attention promptly.  Under the specific facts of this case, Mr. Guo's delay of more than four months between the trial court's ruling on the motion for sanctions and the filing of his motion for recusal was neither prompt nor timely.  A party's failure to assert recusal motions "in a timely manner results in a waiver of a party's right to question a judge's impartiality."  ***Kinard***, 986 S.W.2d at 228 (internal citations omitted); *see also* ***Duke v. Duke***, 398 S.W.3d 665, 670 (Tenn. Ct. App. 2012).  Accordingly, we conclude that the trial court did not err in denying recusal on the basis of its denial of the motion for sanctions.

Concerning Mr. Guo's argument for recusal on the ground of the trial court's denial of his motion to revise, in its order denying recusal, the trial court held:

> As for the allegations of impartiality regarding the July 10, 2020 hearing on [Appellant]'s Motion to Revise, the [c]ourt finds that [Appellant] has not alleged any actions of this [c]ourt that would amount to a showing of bias or prejudice.  The terms "bias" and "prejudice" generally refer to a state of mind or attitude that works to predispose a judge for or against a party; however, "[n]ot every bias, partiality, or prejudice merits recusal."  ***Alley v. State***, 882 S.W.2d 810, 82[1] (Tenn. Crim. App. 1994).

> To merit disqualification of a trial judge, "prejudice must be of a personal character, directed at the litigant, 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case.'"  ***Id.***

> However, "[i]f the bias is based upon actual observance of witnesses and evidence given during the trial, the judge's prejudice does not disqualify the judge."  ***Id.***  It is for this reason that "[a] trial judge's adverse rulings are not usually sufficient to establish bias."  ***State v. Cannon***, 254 S.W.3d 287, 308 (Tenn. 2008).  "Rulings of a trial judge, even if erroneous, numerous and continuous, do not, without more, justify disqualification."  [***Alley***, 882 S.W.2d at 821].

In addition to the trial court's correct statement of the law on bias warranting recusal, we also reiterate that "[t]he party seeking recusal bears the burden of proof."  ***In Re: Samuel P.***, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing ***Williams by & through Rezba***, 2015 WL 2258172, at *5; ***Cotham v. Cotham***, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015)).  Specifically, "a party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person

to believe that the judge's impartiality might reasonably be questioned.'" ***Duke***, 398 S.W.3d at 671 (quoting ***Eldridge v. Eldridge***, 137 S.W.3d 1, 7 (Tenn. Ct. App. 2002)).

Concerning Mr. Guo's evidence of bias, in its order denying recusal, the trial court found that there was

> no evidence that [the trial court's] decision [held] any actual or perceived bias or prejudice towards [Appellant]. Rather, the decision was made on the application of the law to the facts that were before the [c]ourt. The allegations in [the] motion [for recusal] amount[ed] to nothing more than displeasure with the [c]ourt's ruling.

In the absence of such evidence, the trial court concluded that Mr. Guo "failed to meet his burden of setting forth evidence that would prompt a person of ordinary prudence in the judge's position to find a reasonable basis for questioning the judge's impartiality." From our review of the record, Mr. Guo failed to provide any substantive evidence from which we might conclude that the trial court showed prejudice of a personal character, directed at Mr. Guo, which stemmed "from an extrajudicial source and result[ed] in an opinion on the merits on some basis other than what the judge learned from . . . participation in the case." ***Alley***, 882 S.W.2d at 821. Because Mr. Guo did not meet his burden of proof, the trial court did not err in denying recusal based on its adjudication of Mr. Guo's motion to revise.

Although, at the trial level, Mr. Guo failed to meet his burden to show evidence of the trial court's alleged bias, in his petition for Rule 10B appeal to this Court, Mr. Guo asserts that the trial court demonstrated bias against him and violated Tennessee Supreme Court Rule 10B when it: (1) signed the . . . order [denying his motion to revise] on August 6, 2020 while the motion to recuse[, which was filed on July 19, 2020,] was pending; and (2) failed to act promptly in denying the motion to recuse [the order denying the motion to recuse was entered on September 4, 2020].[3]

Tennessee Supreme Court Rule 10B, section 1.02 states that while the motion to recuse is pending, "the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in which such action is taken." Tenn. Sup. Ct. R. 10B, § 1.02. The purpose of section 1.02 is to ensure

---

[3] In addition, in his petition for 10B appeal, Mr. Guo alleges that the trial court: (1) found Mr. Guo not credible at the hearing on the motion to revise and in its August 6, 2020 final order; (2) deprived Mr. Guo of his right to fair and equal treatment by not granting Mr. Guo's motion to continue the summary judgment hearing; (3) applied incorrect legal standards when it served him with the final order through the E-filing system; and (4) did not consider Mr. Guo's summary judgment evidence in the record. These allegations concern the "correctness or merits of the trial court's other rulings" and are not subject to review under Tennessee Supreme Court Rule 10B. ***Duke***, 398 S.W.3d at 668. Given our limited review under Tenn. Sup. Ct. R. 10B, we will not address these allegations.

that a trial court makes no substantive decisions while the motion to recuse is pending. *See In re Estate of Abbott*, No. W2017-02086-COA-T10B-CV, 2017 WL 4864816, at \*2 (Tenn. Ct. App. Oct. 27, 2017). Here, the trial court heard Mr. Guo's motion to revise on July 10, 2020. In one of the supporting documents included in our appellate record, Mr. Guo admits that the trial court orally denied the motion to revise on the same day, i.e., July 10, 2020. Furthermore, Mr. Rogers, as the prevailing party, drafted a proposed order denying the motion to revise and mailed it to Mr. Guo on July 10, 2020. From the record, there is no question that, as of July 10, 2020, Mr. Guo was cognizant of the trial court's decision to deny his motion to revise. In other words, the trial court made its substantive decision on the motion on July 10, 2020, which was nine days before Mr. Guo filed his motion to recuse. The trial court's electronic signing and filing of the order on August 6, 2020 was purely administrative, and these acts were not in violation of Tennessee Supreme Court Rule 10B, section 1.02.

Concerning Mr. Guo's second argument alleging that the trial court violated Tennessee Supreme Court Rule 10B, section 1.03, the rule provides that "[u]pon the filing of a motion [to recuse], the judge shall act promptly by written order and either grant or deny the motion." Tenn. Sup. Ct. R. 10B, § 1.03. The rule does not define "promptly." Here, Mr. Guo filed his motion for recusal on July 19, 2020. The trial court heard the motion on September 4, 2020 and entered its order denying the motion on the same day. Although the delay between the filing of the motion and the hearing on same is not specifically explained in our record, we take judicial notice of the fact that there have been delays in all Tennessee courts due to the coronavirus pandemic and the Tennessee Supreme Court orders precluding in-person hearings at certain points during 2020. Given the extraordinary circumstances under which our courts have been forced to operate this year, we cannot conclude that the time between the filing of the motion and the hearing was excessive in this case. That being said, we note that the trial court acted most promptly in entering its order denying recusal on the same day it heard the motion. From the totality of the circumstances, Mr. Guo's allegations that the trial court violated Tennessee Supreme Court Rule 10B sections 1.02 and 1.03 provide no basis for reversal of the trial court's order denying recusal.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order denying the motion for recusal. The case is remanded to the trial court for such further proceedings as are necessary and consistent with this Opinion. Costs on the appeal are assessed against the Appellant, Xingkui Guo, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE