IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 28, 2021

## WILLIAM GREEN v. TIMOTHY THOMAS ET AL.

**Appeal from the Chancery Court for Hickman County**
No. 19CV-6536      Michael E. Spitzer, Judge
_____

### No. M2021-01140-COA-R3-CV
_____

This is an appeal from an order dismissing an inmate's petition for common law writ of certiorari. Because the inmate did not file his notice of appeal within thirty days after entry of the order as required by Rule 4(a) of the Tennessee Rules of Appellate Procedure, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

FRANK G. CLEMENT, JR., P.J., M.S., ANDY D. BENNETT, and W. NEAL MCBRAYER, JJ.

William Lamont Green, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; and Charlotte Montiel Davis, Senior Assistant Attorney General, for the appellees, Turney Center Disciplinary Board, Timothy Thomas, Tony Parker, and Kevin Genovese.

### MEMORANDUM OPINION[1]

William Lamont Green, an inmate in the custody of the Department of Correction, was found guilty of a violation of state law at a prison disciplinary hearing in August 2018. After his appeals to the Warden and the Commissioner of the Department of Correction were denied, he filed a petition for common law writ of certiorari in the Chancery Court for Hickman County. The Chancery Court determined the petition was time-barred and dismissed it on August 4, 2021. Mr. Green filed his notice of appeal with the clerk of this Court on September 27, 2021.

---

[1] This opinion may not be published, "cited[,] or relied on for any reason in any unrelated case." Tenn. R. Ct. App. 10.

Tennessee Rule of Appellate Procedure 4(a) requires that a notice of appeal be filed with the clerk of the appellate court within thirty days after entry of the judgment from which the party appealed. Mr. Green did not file his notice of appeal until fifty-four days after entry of the judgment. Because Mr. Green is an inmate proceeding pro se, his notice of appeal would be considered timely if it was delivered to the appropriate individual at his correctional facility within the time fixed for filing. Tenn. R. App. P. 20(g). However, both the certificate of service and the mailroom stamp on the envelope containing the notice of appeal indicate the notice was not delivered to the prison mailroom until, at the earliest, September 22, 2021, forty-nine days after entry of the judgment. Mr. Green asserts he did not receive a copy of the judgment until August 23, 2021. However, the thirty-day time limit runs from the date the judgment is entered, not from the date it is received. Tenn. R. App. P. 4(a).

"The thirty-day time limit for filing a notice of appeal is mandatory and jurisdictional." *Albert v. Frye*, 145 S.W.3d 526, 528 (Tenn. 2004); *Binkley v. Medling*, 117 S.W.3d 252, 255 (Tenn. 2003). This Court can neither waive nor extend the time period. Tenn. R. App. P. 2, 21(b); *Flautt & Mann v. Council of City of Memphis*, 285 S.W.3d 856, 868 n.1 (Tenn. Ct. App. 2008); *Jefferson v. Pneumo Servs. Corp.* 699 S.W.2d 181, 184 (Tenn. Ct. App. 1985). The failure to file a timely notice of appeal deprives this Court of jurisdiction to hear the matter. *Edmundson v. Pratt*, 945 S.W.2d 754, 754-55 (Tenn. Ct. App. 1996).

The appeal is dismissed for failure to file a timely notice of appeal. The case is remanded to the trial court for further proceedings consistent with this opinion.

**PER CURIAM**