IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 28, 2024

**EDWARD RONNY ARNOLD v. DEBORAH MALCHOW, ET AL.**

**Appeal from the Circuit Court for Davidson County**
**No. 19C3007, 20C2199     Amanda Jane McClendon, Judge**

———————————————————

**No. M2024-00314-COA-T10B-CV**

———————————————————

Appellant filed this accelerated interlocutory appeal under Rule 10B of the Rules of the Supreme Court of Tennessee. Because the trial court has not entered an order on Appellant's motion for recusal, there is no order for this Court to review. Appeal dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Edward Ronny Arnold, Nashville, Tennessee, appellant, pro se.

Jordan K. Gibson, Nashville, Tennessee, for the appellee, Deborah Malchow.

Cyrus L. Booker, Brentwood, Tennessee, for the appellee, Allstate Insurance Company.

**OPINION**

On October 23, 2019, Appellant Edward Ronny Arnold and Appellee Deborah Malchow ("Appellee Malchow") were involved in a motor vehicle accident. Following the accident, Appellant filed multiple lawsuits, which have given rise to three appellate decisions: (1) ***Arnold v. Malchow***, No. M2021-00695-COA-R3-CV, 2022 WL 774925 (Tenn. Ct. App. Mar. 15, 2022) ("***Arnold I***"); (2) ***Arnold v. Malchow***, No. M2022-00907-COA-R3-CV, 2023 WL 5097179 (Tenn. Ct. App. Aug. 9, 2023) ("***Arnold II***"); and (3) ***Arnold v. Allstate Ins. Co.***, No. M2023-00536-COA-R3-CV, 2024 WL 95577 (Tenn. Ct. App. Jan. 9, 2024) ("***Arnold III***"). In this fourth appeal, we borrow from our previous

opinions and, in the interest of judicial economy, discuss only the facts and procedural history necessary to address this appeal.

On December 27, 2019, Appellant filed a complaint for damages in the Davidson County Circuit Court ("trial court") against, *inter alia*, Appellee Malchow. ***Arnold I***, 2022 WL 774925, at *1. "The complaint alleged that [Appellee] Malchow had injured Appellant through the negligent operation of a motor vehicle[.]" ***Id.*** The case was assigned docket number 19C-3007 ("Case No. 19C-3007"). ***Id.*** "On October 5, 2020, Appellant initiated a second lawsuit [in the trial court] involving the car accident at issue in Case No. 19C-3007." ***Id.*** Appellant named his underinsured/uninsured motorist carrier, Appellee Allstate Insurance Company ("Appellee Allstate"), as the sole defendant. ***Id.*** As discussed in ***Arnold I***,

> Appellant set out as his "first cause of action" "negligent operation of a motor vehicle by uninsured motorist." Appellant then set forth four "cause[es] of action against insurance company," including breach of contract, breach of the implied duty of good faith and fair dealing, and two claims of tortious breach of the implied duty of good faith and fair dealing. This complaint against [Appellee] Allstate was assigned docket number 20C-2199. ("Case No. 20C-2199").

***Id.*** On October 22, 2020, the trial court consolidated Case Nos. 19C-3007 and 20C-2199. ***Id.***

On June 23, 2021, Appellant filed his first appeal to this Court, *i.e.,* ***Arnold I***. On March 15, 2022, this Court dismissed ***Arnold I*** for lack of subject-matter jurisdiction and remanded the case to the trial court. ***Id.*** at *4.

On remand, Appellee Malchow filed a motion for summary judgment, which the trial court granted by order entered June 30, 2022. *See* ***Arnold II***, 2023 WL 5097179, at *3. Thereafter, Appellee Allstate filed a motion to dismiss, which the trial court granted by order entered September 16, 2022. ***Id.*** at *4. Appellant filed a timely appeal, *i.e.,* ***Arnold II***. In ***Arnold II***, this Court addressed, *inter alia*, the trial court's grant of the foregoing motions. Relevant here, the ***Arnold II*** Court concluded that genuine issues of material fact existed and that the trial court erred in granting Appellee Malchow's motion for summary judgment. ***Id.*** at *12-13. Concerning Appellee Allstate's motion to dismiss, the ***Arnold II*** Court vacated the trial court's grant of same. ***Id.*** at *16. Aside from the foregoing, this Court also addressed several other issues related to protective orders and various other rulings of the trial court, and we affirmed the trial court's decisions concerning these matters. ***Id.*** at *16-22. This Court filed its opinion in ***Arnold II*** on August 9, 2023. On September 5, 2023, Appellant filed a Rule 11 application seeking to

appeal the *Arnold II* decision to the Tennessee Supreme Court.[1] This application remains pending with the Tennessee Supreme Court.

The issue in this appeal concerns consolidated cases 19C-3007 and 20C-2199, *i.e.*, the underlying case at issue in *Arnold I* and *Arnold II*. Relevant to the issue before us, on February 7, 2024, Appellant filed a motion to recuse the trial court judge, and he set this motion for a hearing on February 23, 2024.[2] On February 15, 2024, Appellant filed a document titled "Issue of Movement to Remove Jury Demand from Civil Action Edward Ronny Arnold v. Allstate Insurance Company 20-C2199." In this filing, Appellant appears to present more arguments concerning his request for recusal. Also, in this filing, Appellant notes that issues concerning this cause of action are currently pending before the Tennessee Supreme Court under case number M2022-00907-SC-R11-CV, as a result of his appeal of *Arnold II*.

On February 21, 2024, the trial court entered an order stating:

It appears to the [c]ourt that there is an unresolved issue pending in this matter at the Appellate Court level. Accordingly, the [c]ourt continues indefinitely all hearings and case management conferences at the Trial Court level until the issue pending at the Appellate level is resolved.

That same day, Appellant filed a response to the trial court's order, arguing that the trial court had no authority to cancel or continue the February 23, 2024 hearing on Appellant's motion to recuse. On February 23, 2024, the trial court entered an order addressing Appellant's contention. Therein, the trial court reiterated that there "is an unresolved issue pending in this matter at the Appellate Court level." Thus, the trial court "affirm[ed] its decision and . . . continue[d] indefinitely all hearings and case management conferences at the Trial Court level until the issue pending at the Appellate Court level is resolved." Accordingly, the trial court has yet to enter an order directly addressing Appellant's motion for recusal. On February 26, 2024, Appellant filed this petition for recusal appeal.

While we are cognizant of the fact that Appellant is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***,

---

[1] For completeness, we note that, on October 17, 2022, while *Arnold II* was pending in this Court, Appellant filed another action in the trial court against Appellee Allstate, which included substantially the same allegations as contained in Appellant's first complaint. The case was assigned docket number 22C-2097 ("Case No. 22C-2097"). Case No. 22C-2097 was the underlying trial court case at issue in *Arnold III*. For reasons we need not address here, in *Arnold III*, this Court affirmed the judgment of the trial court dismissing Case No. 22C-2097.

[2] We note that many of the filings Appellant included in his petition for recusal appeal are not file stamped by the trial court. *See* Tenn. Sup. Ct. R. 10B, § 2.03 ("The petition shall be accompanied by a copy of the motion and all supporting documents filed in the trial court . . . .").

428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen*., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc*., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

Under Tennessee Supreme Court Rule 10B, the only order this Court may review on an appeal is the trial court's order denying a motion to recuse. *Duke v. Duke*, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue on appeal in 10B appeals is whether the trial court erred in denying an appellant's motion for recusal. *Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.*, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015). As discussed *supra*, having indefinitely continued all hearings until the appeals process is exhausted, the trial court has not entered an order denying Appellant's motion for recusal. Accordingly, there is nothing for this Court to review under Rule 10B. *See Burkhart v. Burkhart*, No. M2023-01390-COA-T10B-CV, 2023 WL 6818637, at *6 (Tenn. Ct. App. Oct. 17, 2023) ("In the absence of an effective written order denying [the appellant's] final two recusal motions, we have no jurisdiction under Rule 10B to review . . . those motions.").

For the foregoing reasons, we dismiss the appeal. Costs of the appeal are assessed to the Appellant, Edward Ronny Arnold, for all of which execution may issue if necessary.

s/ Kenny Armstrong
KENNY ARMSTRONG, JUDGE