IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 2, 2021

FILED
09/01/2021
Clerk of the
Appellate Courts

**REGIONS BANK v. DOCTOR R. CRANTS**

**Appeal from the Chancery Court for Davidson County**
**No. 20-293-III      Ellen Hobbs Lyle, Chancellor**

_____

**No. M2020-01703-COA-R3-CV**

_____

This is a collection lawsuit to recover the balance Appellant allegedly owes on a promissory note held by Appellee. On Appellant's motion, the trial court stayed the proceedings and remitted the matter to binding arbitration pursuant to the terms of the promissory note. Appellant brings the instant appeal under Tennessee Rule of Appellate Procedure 3(a). Because the order appealed is not final, this Court lacks subject-matter jurisdiction over the appeal. Tenn. R. App. P. 3(a). Furthermore, neither the Federal Arbitration Act nor the Tennessee Uniform Arbitration Act provides a mechanism for appeal of Appellant's issues to this Court. Appeal dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and KRISTI M. DAVIS, J., joined.

Doctor R. Crants, Nashville, Tennessee, appellant, pro se.

Walter N. Winchester, E. Brian Sellers, and Rachel M. Hester, Knoxville, Tennessee, for the appellee, Regions Bank (Birmingham).

**OPINION**

On March 13, 2020, Appellee Regions Bank (Birmingham) ("Regions") filed suit against Appellant Doctor R. Crants to collect monies due and owing on a promissory note executed by and between the parties on February 14, 2014 in the original principal amount of $437,112.66 (the "Note"). According to a demand letter sent by Regions to Mr. Crants on February 27, 2020, the balance due on the Note was "$279,030.04, plus interest as it continues to accrue at $47.61 per day, all attorney's fees, [and] expenses and costs of collection incurred with respect to the enforcement of the Note." The Note, which was

attached to the complaint as Exhibit A, contains an arbitration clause that provides, in relevant part:

> [A]ny controversy, claim, dispute, or disagreement (any "Claim") arising out of, in connection with or relating to (1) Borrower's business relationship with Lender; (2) the performance, interpretation, negotiation, execution, collateralization, administration, repayment, modification or extension of this Note; (3) any charge or cost incurred pursuant to this Note; (4) the collection of any amounts due under this Note; . . . (5) any breach of any provision of this Note . . . will be settled by binding arbitration.

The Note further provides that if the "Borrower's claim or counterclaim . . . is not a consumer-related claim or counterclaim, Borrower will be responsible for paying the administrative costs and arbitrator's fees . . . ."

After Mr. Crants' request for continuance was denied, he filed an answer to the complaint on August 20, 2020, wherein he admitted that he "did not pay the Note in full [when the balance thereon became due] on August 14, 2019." Mr. Crants further averred that the dispute was subject to binding arbitration under the terms of the Note, *supra*. Concurrent with his answer, Mr. Crants filed a counter-complaint for breach of contract against Regions. Mr. Crants averred that Regions reneged on its agreement to aid Mr. Crants in obtaining construction contracts to build prisons for the State of Alabama. Mr. Crants claimed that the damages he suffered as a result of Regions' alleged breach usurped any amounts he owed on the Note such that he was entitled to relief from the Note and additional damages. In its September 16, 2020 answer to the counter-complaint, Regions denied any liability and raised several affirmative defenses.

On August 20, 2020, Mr. Crants filed a motion, asking the trial court to stay the proceedings and to remit the matter to binding arbitration per the terms of the Note. On September 16, 2020, Regions filed a response to Mr. Crants' motion, wherein it agreed that "the Court should grant the Motion to remit this matter to arbitration." In addition, Regions asserted that the trial court should "direct[] that [Mr. Crants], since he is seeking to enforce the arbitration provisions of the Note, be responsible to pay the fees required to proceed to such arbitration." Regions further noted that, pursuant to the terms of the Note, "any such arbitration [should] be administered by the American Arbitration Association (hereinafter the "AAA") under its Commercial Arbitration Rules." By order of October 22, 2020, the trial court granted the uncontested motion for stay and arbitration, but declined "to grant the remaining aspects in [Regions'] request for relief (i.e., ordering that [Mr. Crants] is responsible for paying fees in arbitration" because Regions "cited no provision in the Promissory Note, a statute or case law for the requested relief . . . ."

On October 28, 2020, Regions filed a motion, asking the trial court "to alter or amend the [October 22, 2020] Order to provide that, as provided in the Promissory Note,

[Mr. Crants] is responsible for the cost of the arbitration." Mr. Crants opposed the motion in a response filed on November 2, 2020. By order of November 24, 2020, the trial court granted Regions' motion to alter or amend and specifically held that, "[Mr. Crants] is ORDERED, as per the terms of the Promissory Note in issue and the AAA Rules, to pay, on or before January 5, 2021, the fees required to initiate and proceed to arbitration. . . ." The trial court further explained that:

> In granting the [] Motion to Alter or Amend that part of the October 22, 2020 Order that denied [Mr. Crants] paying the fees, the Court concluded it did not have jurisdiction to order payment of the fees since the Promissory Note required arbitration, and it would be the AAA who would enforce its rules about payment of the fees. The Court however missed [Regions'] explanation that the Promissory Note does require [Mr. Crants] to pay up front the arbitration fee, which makes a difference. The Promissory Note is a contract susceptible to this Court's jurisdiction. . . . [T]he provision in the Promissory Note for payment of fees has now been located by the Court who determines it does have jurisdiction to enforce that provision, and on that basis has granted the Motion to Alter or Amend.

On December 21, 2020, Mr. Crants filed a Tennessee Rule of Appellate Procedure 3 notice of appeal to this Court. We first note that, while we are cognizant of the fact that Mr. Crants is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996).

Although Mr. Crants raises several issues for review, we do not reach the substantive issues in this case because the order appealed is not a final judgment so as to confer subject-matter jurisdiction on this Court under Tennessee Rule of Civil Procedure 3. Furthermore, neither the Federal Arbitration Act ("FAA") nor the Tennessee Uniform Arbitration Act ("TUAA") provides a mechanism for appeal of Appellant's issues to this Court.

The instant appeal is not interlocutory in nature, i.e., a non-final order appealed pursuant to Tennessee Rules of Appellate Procedure 9 or 10. Rather, Mr. Crants brings his appeal under Tennessee Rule of Appellate Procedure 3(a), which provides:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Under Rule 3(a), appeal as of right is only available from a final judgment. A final judgment is one that resolves all of the issues in the case, "leaving nothing else for the trial court to do." **State ex rel. McAllister v. Goode**, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). Tennessee Rule of Appellate Procedure 13(b) requires this Court to "consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review. . . ."

Here, the only issues adjudicated by the trial court in its October 22, 2020 and November 24, 2020 orders were questions of arbitrability and the party responsible for paying the cost of arbitration. The trial court did not address, much less adjudicate, the substantive issues raised in Regions' complaint and Mr. Crants' counter-complaint. The case was not dismissed or otherwise concluded. In fact, in its November 24, 2020 order, the trial court expressly stated that, "[T]his lawsuit is stayed pending arbitration. . . ." Therefore, there is no final order appealable under Tennessee Rule of Appellate Procedure 3(a).

Pursuant to the plain terms of the Note, the substantive case is governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.* As such, we turn to address the question of whether the FAA grants Mr. Crants any right of appeal from the order requiring arbitration or from the order requiring him to pay the cost of arbitration. From his brief, Mr. Crants asserts that the appeal provision of the FAA, 9 U.S.C. §16,[1] governs the

---

[1] 9 U.S.C. § 16 provides that

(a) An appeal may be taken from—

(1) an order—

(A) refusing a stay of any action under section 3 of this title,
(B) denying a petition under section 4 of this title to order arbitration to proceed,
(C) denying an application under section 206 of this title to compel arbitration,
(D) confirming or denying confirmation of an award or partial award, or
(E) modifying, correcting, or vacating an award;

(2) an interlocutory order granting, continuing, or modifying an injunction against an arbitration that is subject to this title; or

- 4 -

procedural law of this appeal. We disagree.  In ***Morgan Keegan & Co. v. Smythe***, 401 S.W.3d 595 (Tenn. 2012), the Tennessee Supreme Court held that although the **substantive** provisions of the FAA may preempt the Tennessee Uniform Arbitration Act ("TUAA"), T.C.A. 29-5-301, *et seq.*, it does not preempt the **procedural** provisions of the TUAA for appeals of arbitration orders entered by Tennessee state courts (Tenn. Code Ann. § 29-5-319).  Rather, the Court held that, "[I]f Tennessee's appellate courts have subject matter jurisdiction to hear appeals from orders such as the trial court's . . . order, the grant of jurisdiction must be found in the Tennessee Uniform Arbitration Act, not the Federal Arbitration Act." 401 S.W.3d at 607.  Accordingly, the question of whether this Court has subject-matter jurisdiction over this appeal must be determined under the TUAA and specifically Tennessee Code Annotated section 29-5-319, which provides that:

> (a) An appeal may be taken from:
>
> (1) An order denying an application to compel arbitration made under § 29-5-303;
> (2) An order granting an application to stay arbitration made under § 29-5-303(b);
> (3) An order confirming or denying confirmation of an award;
> (4) An order modifying or correcting an award;
> (5) An order vacating an award without directing a re-hearing; and
> (6) A judgment or decree entered pursuant to this part.
>
> (b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

Here, the order appealed granted the motion to stay proceedings and to compel arbitration.  Despite Mr. Crants' arguments, the fact that the trial court also ordered him to initiate arbitration and to pay the cost of arbitration does not change the trial court's substantive ruling compelling arbitration and staying the matter pending resolution of the arbitration. Although Mr. Crants would have us read the trial court's order on Regions' motion to alter or amend as a denial of his motion for arbitration, we are unpersuaded.  In determining whether an appeal lies under TUAA § 29-5-319, we look to the substance of the trial court's orders, which was to **grant** the motion for stay and arbitration.  The imposition of costs of arbitration to Mr. Crants is merely ancillary to the trial court's grant

---

(3) a final decision with respect to an arbitration that is subject to this title.

(b) Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order—
    (1) granting a stay of any action under section 3 of this title;
    (2) directing arbitration to proceed under section 4 of this title;
    (3) compelling arbitration under section 206 of this title; or
    (4) refusing to enjoin an arbitration that is subject to this title.

of the motion to compel arbitration. "There is no appeal as of right from an order compelling arbitration." *Peters v. Commonwealth Assocs.*, No. 03A01-9508-CV-00295, 1996 WL 93768, at *2 (Tenn. Ct. App. Mar. 5, 1996) (discussing the reach of Tenn. Code Ann. § 29-5-319) (citing *Anderson County v. Architectural Techniques Corp.*, No. 03A01-9205CH-00184, 1993 WL 5921 (Tenn. Ct. App. January 14, 1993)); *accord Thompson v. Terminix Intern Co., LP*, No. M2005-02708-COA-R3-CV, 2006 WL 2380598, at *3 (Tenn. Ct. App. Aug. 16, 2006) (noting that although "an order denying a motion to compel arbitration is immediately appealable pursuant to statute[,] Tenn. Code Ann. § 29-5-319(a)(1)[,] an order granting a motion to compel arbitration and staying the action is not directly appealable. . . . Tenn. Code Ann. § 29-5-319 (2000)"); *Blue Water Bay at Center Hill, LLC v. Hasty*, No. M2016-02382-COA-R3-CV, 2017 WL 5665410, fn. 4 (Tenn. Ct. App., Nov. 27, 2017) ("There is no appeal as of right from an order compelling arbitration.") (citing *Peters*, 1996 WL 93768). Likewise, in *Melo Enterprises, LLC v. D1 Sports Holdings, LLC*, No. M2017-02294-COA-R3-CV, 2019 WL 338941 (Tenn. Ct. App. Jan. 25, 2019), this Court cited both *Peters* and *Blue Water Bay* for the proposition that Tennessee Code Annotated section 29-5-319 does not afford a right to appeal a trial court's order compelling arbitration. In a concurring opinion, Judge McBrayer stated that, "The list of orders that may be appealed under the TUAA can reasonably be thought to be an expression of all 'the orders that may be appealed.'" 2019 WL 338941, at *5 (McBrayer, J. concurring) (citations omitted). Under Tennessee Code Annotated section 29-5-319 and the Tennessee cases interpreting the statute, it is clear that the trial court's November 24, 2020 order granting the motion to stay proceedings and compelling arbitration is not an order that is recognized under the statute as appealable on an interlocutory basis as an exception to the requirement that an order must be final to be appealable to this Court. Tenn. R. App. P. 3(a).

Before concluding, we briefly address Regions' request for an award of its appellate attorney's fees and costs on the ground that Mr. Crants' appeal is frivolous. Tennessee Code Annotated section 27-1-122 provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

The decision whether to award damages for a frivolous appeal rests solely in this Court's discretion. *Chiozza v. Chiozza*, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009). "A frivolous appeal is one that is 'devoid of merit,' or one in which there is little prospect that it can ever succeed." *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995). Although Mr. Crants clearly misinterprets the provisions of the FAA and the TUAA, we conclude that his appeal is not so devoid of merit as to characterize it as frivolous. Accordingly, we exercise our discretion to decline Regions' damages for frivolous appeal.

- 6 -

For the foregoing reasons, the appeal is dismissed, and Appellee's request for frivolous appeal damages is denied. Costs of the appeal are assessed to the Appellant, Doctor R. Crants, for all of which execution may issue if necessary.


_____s/ Kenny Armstrong_____
KENNY ARMSTRONG, JUDGE