IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 13, 2024 Session

## TRICAP CROSS CREEK ASSOCIATES LLC v. GABRIEL CORZO, ET AL.

### Appeal from the Circuit Court for Hamilton County
No. 22C1189     Kyle E. Hedrick, Judge

---

### No. E2023-00635-COA-R3-CV

---

This appeal concerns a landlord/tenant dispute. Tricap Cross Creek Associates, LLC ("Plaintiff"), the landlord, filed a detainer action against Gabriel Corzo ("Defendant"), the tenant, in the General Sessions Court for Hamilton County. Judgment was entered for Plaintiff. Defendant appealed to the Circuit Court for Hamilton County ("the Trial Court"). Plaintiff filed a motion for summary judgment, which the Trial Court granted. Defendant appeals, arguing that genuine issues of material fact exist.[1] Plaintiff asks, pursuant to the lease, for an award of attorney's fees and costs incurred on appeal. As Defendant never responded to Plaintiff's statement of undisputed material facts, he failed to show a genuine issue of material fact existed. We affirm. On remand, the Trial Court is to determine and award to Plaintiff its reasonable attorney's fees and costs incurred on appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II, and W. NEAL MCBRAYER, JJ., joined.

Gabriel Corzo, Pro Se.

Vincent Jackson, Chattanooga, Tennessee, for the appellee, Tricap Cross Creek Associates, LLC.

---

[1] Plaintiff opted not to participate in oral argument, instead relying solely on its brief. Defendant appeared and argued.

# MEMORANDUM OPINION[2]

## Background

In October 2022, Plaintiff filed a detainer action against Defendant in the General Sessions Court for Hamilton County. Plaintiff sought possession of the premises at issue, unpaid rent, and attorney's fees and costs.[3] In November 2022, judgment was entered by agreement of the parties in Plaintiff's favor for possession and $6,043.27 in damages.

Defendant appealed to the Trial Court. In February 2023, Plaintiff filed a motion for summary judgment supported by a statement of undisputed material facts. Also included among Plaintiff's filings was the sworn affidavit of Angela Woody, Plaintiff's leasing agent. Plaintiff relied on the Uniform Residential Landlord and Tenant Act at Tenn. Code Ann. § 66-28-101, *et. seq.*, and Defendant's alleged breach of the parties' lease agreement through non-payment. Plaintiff's motion was set to be heard in March. Defendant did not respond to Plaintiff's motion by the time the March hearing date arrived. The Trial Court, *sua sponte*, moved the hearing to April to afford the pro se Defendant more time to respond. The hearing was reset to April 10th, 2023 at 8:00 a.m. When April 10th arrived, Defendant did not show up on time for the hearing. Plaintiff's counsel was present. The Trial Court waited 30 minutes to give Defendant more time to show up before proceeding. Eventually, after Defendant still had not shown up, the Trial Court ruled in Plaintiff's favor. Defendant only showed up after the hearing. Defendant also failed to timely or properly respond to Plaintiff's motion for summary judgment. Defendant did file some assorted documents, but only after the Trial Court had ruled. Additionally, the documents still did not constitute a response to Plaintiff's statement of undisputed material facts.

In May 2023, the Trial Court entered its final judgment. In its final judgment, the Trial Court stated as relevant:

> This matter is an appeal of an Order of unlawful detainer from the Hamilton County General Sessions Court dated November 10, 2022. That Order reflects that it was granted based upon "Agreement of Parties." A

---

[2] Rule 10 of the Rules of the Court of Appeals provides: "This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated 'MEMORANDUM OPINION,' shall not be published, and shall not be cited or relied on for any reason in any unrelated case."

[3] Monica Guardado was originally named as a defendant as well. She later was dismissed voluntarily.

timely appeal was filed with this Court. On February 13, 2023, Plaintiff filed the instant Motion for Summary Judgment. A hearing was set for March 20, 2023 by way of a Notice of Hearing filed March 6, 2023. The motion was called at the Court's docket for hearing on March 20, 2023. Both Plaintiff and Defendant Gabriel Corzo were present for the hearing. The Court noted that Mr. Corzo was pro se and, of greater significance, had filed no response to the motion. The Court, *sua sponte*, refused to hear the motion on this date. The Court explained to Mr. Corzo that Rule 56 required a response including a response to the Statement of Material Facts. The Court explained that these responses must be filed prior to any hearing. The Court then reset the hearing for 8:00 a.m. on April 10. The Court explained to both parties that it had a jury trial that would be ongoing that date so a special time of 8:00 a.m. was used. The Clerk entered the 8:00 a.m. time on the rule docket.

On April 10 at 8:00 a.m., Plaintiff's counsel was present – Mr. Corzo was not. The Court waited until 8:30 a.m. to hear the matter to give additional time for Mr. Corzo to appear. Mr. Corzo was still not present. The Court conducted the hearing at 8:30 a.m. The Court noted the time for the hearing, that no response had been filed prior to the hearing, and that Mr. Corzo had never called or emailed requesting additional time. After accepting all the material statements as being true, and after reviewing the record as a whole, the Court granted the summary judgment. Later that morning, Mr. Corzo appeared and brought with him certain documents. None of those documents filed was a response to Plaintiff's Statement of Undisputed Material Facts. The Court notes here that, even had Mr. Corzo been timely, the summary judgment still had no timely response such that all statements of material fact were deemed admitted.

Given that the Court, *sua sponte*, granted an extension to file the appropriate documents, explained the necessary filings to the Defendant Corzo, and based upon the record as a whole, the Court finds there is no material question of fact and that summary judgment should be granted.

Defendant timely appealed to this Court.

## Discussion

In his brief, Defendant does not state an issue, as such, but says that "[t]here are genuine issue[s] of material fact disputing the Pla[i]ntiff's case." Meanwhile, Plaintiff raises an issue of whether it should be awarded its attorney's fees and costs incurred on

appeal. We are mindful that Defendant is proceeding pro se. With regard to pro se litigants, this Court has stated:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995).

*Young v. Barrow*, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003).

Defendant failed to include a statement of issues in his brief. Under Rule 27(a)(4) of the Tennessee Rules of Appellate Procedure, Defendant was required to include in his brief among other things "[a] statement of the issues presented for review[.]" Similarly, "[r]eview generally will extend only to those issues presented for review." Tenn. R. App. P. 13(b). While we are mindful of Defendant's pro se status, leaving out a statement of issues is a major omission. A statement of issues is important because it alerts opposing parties, and also this Court, to exactly what the appellant is arguing the lower court got wrong.

However, even overlooking the lack of a statement of issues, Defendant's basic argument—that genuine issues of material fact exist in this case—is without merit. Plaintiff filed a motion for summary judgment against Defendant. That implicates Rule 56 of the Tennessee Rules of Civil Procedure. A party moving for summary judgment must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. Plaintiff's motion was supported by a statement of undisputed material facts. Tenn. R. Civ. P. 56.03 requires the non-moving party to respond to the moving party's statement of facts in this manner:

> Any party opposing the motion for summary judgment must, not later than five days before the hearing, serve and file a response to each fact set forth by the movant either (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary

-4-

judgment only, or (iii) demonstrating that the fact is disputed. Each disputed fact must be supported by specific citation to the record. Such response shall be filed with the papers in opposition to the motion for summary judgment.

In addition, "[w]hether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC*, 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015)). Our standard of review on a motion for summary judgment is *de novo* without a presumption of correctness, meaning we make a fresh determination on whether the requirements of Tenn. R. Civ. P. 56 were met. *Rye*, 477 S.W.3d at 250.

We have previously determined that a trial court may consider statements of fact admitted when a non-moving party fails to respond to the moving party's statement of material facts. *Cardiac Anesthesia Servs., PLLC v. Jones*, 385 S.W.3d 530, 539-40 (Tenn. Ct. App. 2012) (citing *Holland v. City of Memphis*, 125 S.W.3d 425, 428-29 (Tenn. Ct. App. 2003)). In *Holland*, we stated that "the material facts set forth in the statement [of material facts] of the moving party may be deemed admitted in the absence of a statement controverting them by the opposing party." *Holland*, 125 S.W.3d at 428. Furthermore, in *Simmons v. Harris*, No. M2000-00227-COA-R3-CV, 2000 WL 1586451, at *3 (Tenn. Ct. App. Oct. 25, 2000), *perm. app. denied Apr. 16, 2001*, we determined that a non-moving party's noncompliance with Rule 56.03 by failing to respond to the moving party's statement of material facts can result in the trial court failing to consider the non-moving party's factual contentions, and the statement of facts by the moving party being deemed admitted.

In the present case, Defendant never filed a response to Plaintiff's statement of undisputed material facts. Thus, the Trial Court was justified in deeming Plaintiff's facts admitted. With only Plaintiff's facts to go on, there is no genuine issue of material fact. Under the admitted facts, Defendant breached the lease agreement by failing to pay what he owed. Plaintiff is therefore entitled to judgment as a matter of law. We affirm the grant of summary judgment to Plaintiff. We observe further that Defendant did not show up for the summary judgment hearing even though, according to the Trial Court's order, the Trial Court personally told him what time the hearing would start. However, even if Defendant had shown up to the hearing on time, his failure to comply with Tenn. R. Civ. P. 56.03 meant he still would have lost.

Turning to Plaintiff's separate issue, we consider whether Plaintiff should be awarded its attorney's fees and costs incurred on appeal. Paragraph 33 of the parties' lease agreement provides: "In the event we incur attorney's fees in enforcing this Lease Contract against you or any occupants or guests, you must pay our reasonable attorneys' fees and other litigation costs." In light of this provision, Plaintiff is entitled to an award of reasonable attorney's fees and costs incurred on appeal. On remand, the Trial Court is to determine and award to Plaintiff its reasonable attorney's fees and costs incurred on appeal.

## Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellant, Gabriel Corzo, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE