IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 4, 2024

**HAMID HOUBBADI v. CHASE T. SMITH**

**Appeal from the Circuit Court for Montgomery County**
**No. 22CV-1461    Matthew Joel Wallace, Judge**

————————————————————

**No. M2023-01162-COA-R3-CV**

————————————————————

While incarcerated for first-degree murder, Appellant filed suit against Appellee, an attorney who represented Appellant during his criminal trial, for legal malpractice. Shortly after filing the complaint, Appellant filed a motion to appear for hearings by video. The trial court did not rule on the motion to appear by video and proceeded to enter several orders on other motions on the pleadings only, including an order dismissing the complaint with prejudice. Because the trial court failed to address Appellant's motion to appear by video, we vacate specific orders of the trial court in their entirety, including the final order dismissing the complaint. The case is remanded to the trial court with instructions to consider Appellant's motion to appear by video.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Vacated and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Hamid Houbbadi, Mountain City, Tennessee, appellant, pro se.

Michael H. Johnson, Brentwood, Tennessee, for the appellee, Chase T. Smith.

**OPINION**

**I. Background**

In 2019, Appellant Hamid Houbbadi hired Appellee Chase T. Smith, an attorney, to represent him in a criminal proceeding, wherein Appellant was convicted of first-degree

murder. On July 25, 2022, Appellant filed a complaint in the Circuit Court of Montgomery County (the "trial court") alleging that Appellee committed legal malpractice during his representation of Appellant in the criminal matter. At all times during the pendency of this case, Appellant has been in the custody of the Tennessee Department of Correction. On September 22, 2022, Appellee filed an answer. Although the record is replete with various pleadings and other documents, we focus only on those that concern this appeal.

On January 3, 2023, Appellant filed a Motion for Leave of Court to Appear by Means of Video Communications Technology in Lieu of Personal Attendance ("Motion to Appear by Video"), discussed further, *infra*. On this Court's review, the trial court never addressed this motion.

On July 19, 2023, Appellee filed a motion to dismiss the complaint due to Appellant's alleged failure to comply with the trial court's discovery order, which was entered on June 12, 2023. By order of August 2, 2023, the trial court granted the motion and dismissed the complaint. Appellant appealed.

## II. Issue

Although Appellant raises seven issues for review, the dispositive issue is whether the trial court erred in failing to address Appellant's Motion to Appear by Video.

## III. Discussion

As an initial matter, while we are cognizant of the fact that Appellant is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)). With the foregoing in mind, we turn to address the substantive issue.

As discussed above, on January 3, 2023, Appellant filed a Motion to Appear by Video. Citing his incarceration, Appellant asked the trial court "for leave to appear ***at any hearings in this matter*** by means of video communications technology, in lieu of personal attendance, that w[ould] permit the court to see and hear [Appellant] and permit [Appellant] to see and hear the court and any other witnesses." (Emphasis added). In support of his motion, Appellant cited Tennessee Code Annotated section 41-21-809,

which provides that a "court may . . . conduct the hearing with video communications technology that permits the court to see and hear the inmate and that permits the inmate to see and hear the court and any other witnesses." Tenn. Code Ann. § 41-21-809.

A trial court is required to consider an incarcerated litigant's pending motion(s) before proceeding with the merits of a case. In ***Reese v. Klocko***, No. M2005-02600-COA-R3CV, 2007 WL 1452688, at *4-5 (Tenn. Ct. App. May 16, 2007), this Court explained the effects of a trial court's failure to rule on an incarcerated litigant's pending motion when that incarcerated individual is party to the litigation:

> Litigation involving self-represented litigants can be challenging and difficult. ***Irvin v. City of Clarksville***, 767 S.W.2d 649, 651 (Tenn. Ct. App. 1988). It can become even more difficult and cumbersome when the self-represented litigant is incarcerated. ***Chastain v. Chastain***, No. M2003-02016-COA-R3-CV, 2004 WL 725277, at *2 (Tenn. Ct. App. Mar. 22, 2004) (No Tenn. R. App. P. 11 application filed). However, an incarcerated litigant's right to meaningful access to the courts requires that the litigant be afforded a fair opportunity to present his or her side of the controversy. ***Knight v. Knight***, 11 S.W.3d 898, 903 (Tenn. Ct. App. 1999) . . . .
>
> Appellate courts frequently have been confronted with cases in which the trial courts have disposed of claims either filed by or asserted against self-represented prisoners without first addressing the prisoner's pending motions. No matter whether the prisoner is the plaintiff or the defendant, reviewing courts have consistently held that trial courts err when they proceed to adjudicate the merits of the claim without first addressing the prisoner's pending motion or motions. These oversights have generally been found to be prejudicial rather than harmless because the failure to address pending motions "give[s] the impression that a litigant is being ignored," ***Logan v. Winstead***, 23 S.W.3d [297, 303 (Tenn. 2000)]. We have also held that a prisoner's failure to comply with local rules requiring motions to be set for hearing does not provide a trial court with an excuse for failing to address the pending motions. ***Chastain***, 2004 WL 725277, at *2. Accordingly, when a trial court has failed to rule on an incarcerated litigant's pending motions, reviewing courts have consistently vacated the judgment and remanded the case to the trial court with directions to consider and act on the pending motions.

***Reese***, 2007 WL 1452688, at *4-5 (quoting ***Bell v. Todd***, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005). Relevant here, this Court has consistently vacated final orders where trial courts have failed to address incarcerated litigants' motions to appear via video. *See* ***Richards v. Richards***, No. E2014-02123-COA-R3-CV, 2015 WL 4575536, at *1 (Tenn. Ct. App. July 30, 2015) (concluding that the trial court committed prejudicial error and

vacating the divorce decree when the trial court dismissed an incarcerated husband's complaint for divorce without first considering his motion to appear via video communication technology); *Knight*, 11 S.W.3d at 906-07 (Tenn. Ct. App. 1999) (vacating the final divorce decree due to the trial court's failure to address an incarcerated husband's pending motion requesting that he be transported to the final hearing or that the final hearing be held in abeyance until his release from prison); *Cherry v. Cherry*, No. 89-302-II, 1989 WL 155362, at *5 (Tenn. Ct. App. Dec. 20, 1989) (vacating the final divorce decree where the trial court failed to rule on an incarcerated defendant's request to appear in person or subsequent motion to continue the trial).

A review of the record shows that the trial court failed to rule on Appellant's Motion to Appear by Video. Turning to the record, after Appellant filed the Motion to Appear by Video, the trial court clerk provided him with the trial court's available dates for hearings and trials. Within this communication, the clerk included a blank Hearing Request Form and a blank Notice of Hearing Form. According to the clerk's letter, the Hearing Request Form "would allow [Appellant] to set a hearing on the pleadings only, or to be heard via Video conference." On January 17, 2023, Appellant filed the Hearing Request Form, in which he declared that the following motions would be heard: (1) "Declaration [e]ntry by default"; (2) "Motion to compel"; and (3) "Motion of [interrogatories]." Appellant asked that the foregoing motions "be heard on the pleading[] and all the exhibits attach[ed] to it[.]" Appellee argues that Appellant waived a hearing as to these three motions. We disagree. On review, it appears that Appellant may have been confused by the language in the Hearing Request Form. On the "Other" line of that form, Appellant wrote that he wished for the pleadings to be considered *and all the exhibits attached to same*. From this statement, Appellant was requesting that the trial court consider the pleadings *and* additional documentation, *i.e.,* exhibits, not just the pleadings alone. Given that Appellant filed a Notice of Hearing Form along with the Hearing Request Form, and also filed the Motion to Appear by Video two weeks prior, we deduce that Appellant intended for such motions to be addressed at a hearing.

Even assuming, *arguendo*, that Appellant waived a hearing as to the three motions discussed above, the trial court was not relieved from addressing Appellant's Motion to Appear by Video. Our case law provides that Appellant was not required to set the Motion to Appear by Video for hearing in order for the trial court to address it. Indeed, this Court "do[es] not place great significance on the fact that [Appellant] did not set his motion[] for argument [as s]uch effort would have been futile and counterproductive because he would have been unable to be physically present to argue the motion[.]" *Chastain*, 2004 WL 725277, at *2. Accordingly, we have explained that, "[i]f parties who are not incarcerated do not request a trial court to consider and dispose of a prisoner's pretrial motions, *the trial courts should take the initiative to arrange for the orderly consideration and disposition of a prisoner's motions prior to trial*." *Id.* (Emphasis added). Thus, if Appellee did not request that the trial court consider and dispose of Appellant's Motion to Appear by Video, the trial court should have taken the initiative to arrange for the consideration and

disposition of same before addressing other pending motions. This the trial court failed to do. Rather, the trial court proceeded to enter several orders on motions filed *after* Appellant filed the Motion to Appear by Video, including the final dispositive order dismissing the complaint. We briefly turn to review that procedural history.

On February 17, 2023, the trial court entered two orders: one denying Appellant's "Declaration for Entry of Default" and the other denying Appellant's "Motion for an Order Compelling Discovery" and his "Motion to Complete Discovery." On February 24, 2023, Appellant sent a letter to the trial court clerk, which letter was filed in the record. Appellant's letter stated that he filed a Notice of Hearing for February 17, 2023, but that there was never a hearing, and he was confused as to why. On March 10, 2023, Appellant filed a Verified Motion for Change of Venue. Therein, Appellant argued, *inter alia*, that despite filing a Motion to Appear by Video on January 3, 2023, the trial court ruled on two of Appellant's motions without giving him the opportunity to fully and fairly participate in his case via video. Appellant further alleged that the trial court ignored his Motion to Appear by Video. As such, Appellant argued that the trial court showed bias against him. On March 29, 2023, Appellant set the Motion for Change of Venue for hearing on May 19, 2023. On May 10, 2023, Appellee filed a Motion to Compel Appellant to respond to discovery and set such motion for hearing on May 19, 2023. Both the Motion for Change of Venue and the Motion to Compel were re-set for hearing on June 2, 2023. On June 2, 2023, without holding a hearing, the trial court entered an order denying Appellant's Motion for Change of Venue.

On June 12, 2023, Appellant filed a Motion to Set Aside the trial court's February 17, 2023 orders. In this motion, Appellant again referenced his Motion to Appear by Video and argued that he set the previous motions for a hearing on February 17, 2023, but no hearing took place. Appellant argued that the trial court issued its orders without giving him the opportunity to participate via video, as he requested. Also, on June 12, 2023, without holding a hearing, the trial court entered an order on Appellee's Motion to Compel, wherein it ordered Appellant to fully answer Appellee's requests for interrogatories and production of documents no later than July 14, 2023.

On July 5, 2023, Appellant filed a notice of hearing for July 28, 2023 "on all plaintiff['s] pending motions." On July 19, 2023, Appellee filed a Motion to Dismiss the complaint based on Appellant's failure to comply with the trial court's June 12, 2023 order to compel Appellant's discovery responses. On August 2, 2023, without holding a hearing, the trial court entered orders denying Appellant's Motion to Set Aside and granting Appellee's Motion to Dismiss the complaint with prejudice.

Although Appellee argues that the trial court's failure to address Appellant's Motion to Appear by Video is harmless, the foregoing procedural history almost certainly "give[s] the impression that [Appellant] [was consistently] ignored." ***Logan***, 23 S.W.3d at 303. As discussed, *supra*, "these oversights have generally been found to be prejudicial rather than

harmless." **Reese**, 2007 WL 1452688, at *4-5. Furthermore, we reiterate that it was the trial court's responsibility to "take the initiative to arrange for the orderly consideration and disposition" of Appellant's Motion to Appear by Video. **Chastain**, 2004 WL 725277, at *2. Given that Appellant's Motion to Appear by Video requested leave for him to appear **at any hearings** via video, the trial court should have addressed the motion shortly after it was filed and certainly before it addressed subsequent motions. Based on precedent discussed above, because the trial court decided the motion to dismiss before resolving Appellant's Motion to Appear by Video, we vacate the trial court's August 2, 2023 order dismissing the complaint. We also vacate the trial court's orders on motions that were decided after Appellant filed his Motion to Appear by Video. Those orders are the: (1) February 17, 2023 orders denying Appellant's "Motion for an Order Compelling Discovery," "Motion to Complete the Discovery," and "Declaration for Entry of Default;" (2) June 2, 2023 order denying Appellant's "Verified Motion for Change of Venue;" (3) June 12, 2023 order granting Appellee's Motion to Compel; and (4) August 2, 2023 order denying Appellant's Motion to Set Aside the trial court's order denying a default judgment and renewed motion for default judgment. These are the orders Appellant argues in his appellate brief were decided in error. Tenn. R. App. P. 13(b) (In appeals, "[r]eview generally will extend only to those issues presented for review.").

### IV. Conclusion

For the foregoing reasons, we vacate the trial court's: (1) final order dismissing the complaint; (2) February 17, 2023 orders denying Appellant's "Motion for an Order Compelling Discovery," "Motion to Complete the Discovery," and "Declaration for Entry of Default"; (3) June 2, 2023 order denying Appellant's "Verified Motion for Change of Venue"; (4) June 12, 2023 order granting Appellee's Motion to Compel; and (5) August 2, 2023 order denying Appellant's Motion to Set Aside the trial court's order denying a default judgment and renewed motion for default judgment. The case is remanded for such further proceedings as are necessary and consistent with this opinion, including specific instructions that the trial court consider Appellant's Motion to Appear by Video. Costs of the appeal are assessed to the Appellee, Chase T. Smith. Execution for costs may issue if necessary.

s/ Kenny Armstrong
Kenny Armstrong, JUDGE