FILED

02/24/2025

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February 18, 2025

**THOMAS KERRY JORDAN v. ROXANA BIANCA JORDAN**

**Appeal from the Circuit Court for Roane County**
**No. NO. 2021-CV-44    Michael S. Pemberton, Judge**

_____

**No. E2025-00203-COA-T10B-CV**
_____

In this accelerated interlocutory appeal, appellant appeals the trial court's denial of her motion to recuse. Because appellant failed to comply with the requirements of Tennessee Supreme Court Rule 10B, we dismiss the appeal.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and KRISTI M. DAVIS, JJ., joined.

Roxana Bianca Jordan, Kingston, Tennessee, appellant, pro se.

Aaron Dalton Duffey, Oak Ridge, Tennessee, for the appellee, Thomas Kerry Jordan.

**OPINION**

On February 11, 2025, Roxana Bianca Jordan ("Appellant") filed a motion to recuse in the Roane County Circuit Court ("trial court"). That same day, the trial court denied the motion. In its order, the trial court noted that this was Appellant's fourth motion to recuse the trial judge. To date, the trial court has denied recusal, and this is Appellant's third appeal on the question. On October 23, 2024, this Court dismissed one of Appellant's appeals because her recusal petition did not contain the requisite substantive elements set out in section 2.03 of Rule 10B, discussed, *infra*. *See generally **Jordan v. Jordan***, No. E2024-01571-COA-T10B-CV, 2024 WL 4558617 (Tenn. Ct. App. Oct. 23, 2024) ("***Jordan I***"). On December 17, 2024, this Court dismissed another of Appellant's appeals for failure to comply with section 2.02 of Rule 10B. *See generally **Jordan v. Jordan***, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834 (Tenn. Ct. App. Dec. 17, 2024) ("***Jordan II***").[1] In ***Jordan II***, we also noted that Appellant's petition for recusal did not

---

[1] Section 2.02 provides that "a petition for recusal appeal shall be filed in the appropriate appellate

include a copy of Appellant's affidavit in support of the motion to recuse as required by sections 1.01 and 2.03 of Rule 10B, discussed below. From our holdings in *Jordan I* and *Jordan II*, it should be clear that the requirements of Tennessee Supreme Court Rule 10B are mandatory. However, again in this appeal, we are faced with Appellant's failure to comply with these requirements and, again, we dismiss the appeal.

While we are cognizant of the fact that Appellant is representing herself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian Bros. Univ.*, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." *Hodges v. Tenn. Att'y Gen*., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc*., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing *Edmundson v. Pratt*, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); *Kaylor v. Bradley*, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion to recuse under a *de novo* standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." *Williams by & through Rezba*, 2015 WL 2258172, at *5 (citing *McKenzie v. McKenzie*, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014)). As discussed below, Appellant's failure to comply with Rule 10B precludes us from addressing the merits of the trial court's denial of the motion to recuse.

Section 1.01 of Rule 10B *requires* that, when a motion to recuse is filed in the trial court, it must "be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." Tenn. Sup. Ct. R. 10B, § 1.01. The rule further requires the motion to state "all factual and legal grounds supporting disqualification of the judge . . . and that it [was] not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Tenn. Sup. Ct. R. 10B, § 1.01. Here, Appellant's motion to recuse fails to satisfy either of these requirements. Specifically, the motion was not supported by an affidavit or declaration, and it did not affirmatively state that it was not presented for any improper purpose. These omissions, standing alone, are sufficient to dismiss the

court within twenty-one days of the trial court's entry of the order." Because Appellant filed the appeal more than twenty-one days after the order denying the motion for recusal, we determined that the appeal was untimely and that this Court did not have jurisdiction to consider it. *See Jordan*, 2024 WL 5135834, at *2.

appeal. *See **Moncier v. Wheeler***, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) ("When a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived."); ***Hobbs Purnell Oil Co., Inc. v. Butler***, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at *14 (Tenn. Ct. App. Jan. 12, 2017) (concluding that the recusal issue was waived where the appellant failed to provide an affidavit or declaration and failed to state that the motion was not presented for an improper purpose). Not only did Appellant fail to comply with the requirements governing recusal motions in the trial court, but she also failed to comply with the requirements governing recusal appeals.

Tennessee Supreme Court Rule 10B section 2.03 *requires* that Appellant's petition for recusal appeal to this Court contain:

(a) A statement of the issues presented for review;

(b) A statement of the facts, setting forth the facts relevant to the issues presented for review;

(c) An argument, setting forth the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities; and

(d) A short conclusion, stating the precise relief sought.

Tenn. Sup. Ct. R. 10B, § 2.03. Appellant's petition for recusal wholly fails to comply with the above requirements. The initial petition to this Court provides, in its entirety:

*I [Pro Se] Roxana Bianca Jordan respectfully file motion to appeal Hon. Judge Pemberton's Denial of Recusal in Kingston today [Feb 11]. I am a Pro Se litigant in Kingston seeking a Stay Order to halt all proceedings tomorrow during the appeal process. I may amend petition later.*

- *Denial was within hours; without receiving a court stamped filing.*
- *The Recusal motion[s] arguments, issues, substance are different; not repetitive.*
- *Impartiality of the Judge presiding tomorrow is in questioned [sic] in the appeal.*
- *My motion to withdraw my own pending motions; ignored.*
- *I fear the proceeding will do irreparable damage to me before appeal in Knox County.*

*Respectfully,*

*The Pro Se litigant:*
*2/11/2025*

(Italics in original).  Four days later, Appellant filed a "Motion to Amend Appeal of Denial of Recusal to Make Requests" in this Court.  We deduce from this one-page document that Appellant alleges certain "facts" concerning the trial court, the Circuit Court Clerk's Office, and whether they were able to contact her regarding various hearings.  At the conclusion of this motion, Appellant asks this Court to grant her access "to Circuit Court computer electronic and call log records of all involved . . . ."  The only action this Court may take on appeal under Tennessee Supreme Court Rule 10B is to review the trial court's order denying a motion to recuse.  ***Duke v. Duke***, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012).  Accordingly, we do not consider Appellant's request concerning the trial court's electronic records and call logs.

Neither Appellant's initial petition for recusal nor the subsequent motion complies with Rule 10B, section 2.03.  Put simply, there is nothing of substance for this Court to review to determine whether the trial court erred in denying the motion to recuse.  As we stated in ***Jordan I***, "[i]t is not the role of the Court of Appeals to construct a legal argument with legal authorities for [Appellant] or even to speculate as to what that argument might be." ***Jordan***, 2024 WL 4558617, at *1 (citing ***Robinson v. City of Clarksville***, 673 S.W.3d 556, 571 n.6 (Tenn. Ct. App. 2023)); *see also* ***Sneed v. Bd. of Pro. Resp. of Supreme Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived.").

Given Appellant's failure to comply with Rule 10B, sections 1.01 and 2.03, we dismiss the appeal.[2]  Costs of the appeal are assessed to the Appellant, Roxana Bianca Jordan.  Execution for costs may issue if necessary.

         s/ Kenny Armstrong
         KENNY ARMSTRONG, JUDGE

---

[2] As provided under Rule 10B, section 2.05, we conclude that we do not require an answer from Appellee, and we act summarily in this appeal.  Tenn. Sup. Ct. R. 10B, § 2.05.