IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 19, 2026

**BREANNA NICOLE EMERSON v. SAMUEL RYAN EMERSON**

**Appeal from the Circuit Court for Montgomery County**
**No. CC-24-CV-2237          Matthew Joel Wallace, Judge**

————————————————————

**No. M2026-00244-COA-T10B-CV**

————————————————————

This accelerated interlocutory appeal is taken from the trial court's order denying Appellant's motion for recusal. Because Appellant's application for appeal is untimely under Tennessee Supreme Court Rule 10B, §2.02, this Court does not have subject-matter jurisdiction over the appeal, and it is dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed**

W. MARK WARD, SR. J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, JJ., joined.

Samuel Ryan Emerson, Clarksville, Tennessee, appellant, pro se.

Crystal Dawn Wilkerson, Clarksville, Tennessee, for the appellee, Breanna Nicole Emerson.

**OPINION**

**I. Background**

This is a divorce case. As relevant to the instant appeal, on January 12, 2026, Appellant Samuel Ryan Emerson filed a Tennessee Supreme Court Rule 10B motion in the Circuit Court for Montgomery County ("trial court"). By his motion, Appellant sought recusal of Judge Matthew Joel Wallace "based upon a demonstrated pattern of pre-judgment, the conducting of ex parte proceedings on substantive issues, and a manifest appearance of partiality that would lead a person of ordinary prudence to find that the Court's impartiality might reasonably be questioned." The trial court denied Appellant's motion for recusal by order of January 23, 2026. On February 17, 2026, Appellant filed

his petition for recusal appeal to this Court.

## II. Issue

Under Tennessee Supreme Court Rule 10B, the only order this Court may review on appeal is the trial court's order denying a motion to recuse. ***Duke v. Duke***, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue is whether the trial court erred in denying Appellant's motion for recusal. ***Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.***, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015).

## III. Standard of Review

Tennessee Supreme Court Rule 10B requires appellate courts to review a trial court's ruling on a motion for recusal under a de novo standard of review with no presumption of correctness. Tenn. Sup. Ct. R. 10B, § 2.01. The party seeking recusal bears the burden of proof, and "any alleged bias must arise from extrajudicial sources and not from events or observations during litigation of a case." ***Williams by & through Rezba***, 2015 WL 2258172, at *5 (quoting ***McKenzie v. McKenzie***, No. M2014-00010-COA-T10B-CV, 2014 WL 575908, at *3 (Tenn. Ct. App. Feb. 11, 2014)); Tenn. Sup. Ct. R. 10B § 2.01. Interlocutory recusal appeals require "meticulous compliance with the provisions of Rule 10B." ***Johnston v. Johnston***, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015).

In an accelerated appeal, we may request an answer from the other party and briefing. Tenn. Sup. Ct. R. 10B § 2.05. We may also set oral argument, *see **id.*** § 2.06, and we may grant a stay of the proceedings below "pending [our] determination of the appeal." ***Id***. § 2.04. After a review of the petition for recusal appeal and supporting documents, we conclude that neither an answer nor oral argument are necessary.

Furthermore, we note that, while we are cognizant of the fact that Appellant is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen.***, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n. 4 (Tenn. Ct. App. 1995)).

# IV. Analysis

Unfortunately, we do not reach the substantive issue in this case because Appellant's recusal appeal was untimely, thus negating this Court's subject-matter jurisdiction over the appeal. Questions related to the court's subject-matter jurisdiction "call into question the court's lawful authority to adjudicate a controversy brought before it, and, therefore, should be viewed as a threshold inquiry. . . . [T]he burden is on the plaintiff to demonstrate that the court has jurisdiction to adjudicate the claim." ***Redwing v. Catholic Bishop for Diocese of Memphis***, 363 S.W.3d 436, 445 (Tenn. 2012) (internal quotation marks and citations omitted).

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an accelerated interlocutory appeal as of right from an order denying a motion for disqualification or recusal. Rule 10B § 2.02 provides:

> To effect an accelerated interlocutory appeal as of right from the denial of a motion for disqualification or recusal of the trial court judge, a petition for recusal appeal **shall be filed** in the appropriate appellate court **within twenty-one days of the trial court's entry of the order**.

Tenn. Sup. Ct. R. 10B § 2.02 (Emphases added). Tennessee Rule of Civil Procedure 6.01 provides, in relevant part, that

> [i]n computing any period of time prescribed or allowed by these rules . . . the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101. . . .

"[T]he time period for filing a petition for recusal appeal is jurisdictional and cannot be extended by this Court." ***Moncier v. Wheeler***, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *2 (Tenn. Ct. App. July 28, 2020) (citing Tenn. Sup. Ct. R. 10B, § 2.08); *see also* Tenn. R. App. P. 2 (". . . the . . . Court of Appeals . . . may suspend the requirements or provisions of any of these rules . . . except that this rule shall not permit the extension of time for filing a notice of appeal . . .").

Here, Judge Wallace's order denying Appellant's recusal motion was entered on January 23, 2026. Under Rule 10B § 2.02, Appellant had twenty-one days from the date of entry of this order to file his petition for review in this Court. Under Tennessee Rule of Civil Procedure 6.01, Appellant's twenty-one-day period began to run on the day after entry of the trial court's order denying recusal, *i.e.* January 24, 2026. Tenn. R. Civ. P. 6.01 ("the date of the act after which the designated period of time begins to run is not to be

included).  The twenty-first day after January 24, 2026, fell on Friday, February 13, 2026. Because the twenty-first day fell on a Friday, when the clerk's office was open, it is counted.  Tenn. R. Civ. P. 6.01 ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101. . .").  Appellant's petition for recusal appeal was filed with the Clerk of this Court on February 17, 2026, which is more than twenty-one days after the entry of Judge Wallace's order.  As such, Appellant's recusal appeal is untimely, Tenn. Sup. Ct. R. 10B, § 2.02, and this Court lacks subject-matter jurisdiction to consider the merits of the appeal. *See Jordan v. Jordan*, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834, at *2 (Tenn. Ct. App. Dec. 17, 2024) (citing *Moncier*, 2020 WL 4343336, at *2) (citing Tenn. Sup. Ct. R. 10B, § 2.08)).

## V. Conclusion

For the foregoing reasons, the appeal is dismissed.  Costs of the appeal are assessed to the Appellant, Samuel Ryan Emerson. Execution for costs may issue if necessary.

s/ W. Mark Ward
W. MARK WARD, SENIOR JUDGE

- 4 -