IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2026

## CAMILLE WEBB STEWARD v. ORSON ERIC STEWARD

**Appeal from the Chancery Court for Williamson County**
**No. 23CV-52340H  Deana C. Hood, Judge**

_____

**No. M2026-00546-COA-T10B-CV**

_____

This accelerated interlocutory appeal requires us to determine whether the trial court erred in denying Appellant's motion for recusal, which was brought pursuant to Tennessee Supreme Court Rule 10B § 2.02.  Because Appellant's petition fails to comply with the requirements of Tennessee Supreme Court Rule 10B§ 1.01, the appeal is dismissed.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal; Appeal Dismissed**

STEVEN W. MARONEY, J., delivered the opinion of the court, in which JOHN W. MCCLARTY, P.J., E.S., and JEFFREY USMAN, J., joined.

Orson E. Steward, Antioch, Tennessee, appellant, pro se.

Amanda Lynn Bradley, Franklin, Tennessee, for the appellee, Camille Webb Steward.

### OPINION

### I. Background

On March 2, 2026, Orson Edward Steward ("Appellant") filed a "Motion for Deanna [sic] C. Hood to Recuse Herself Over Further Legal Proceedings." In his Motion, Appellant alleged that during the pendency of the divorce proceedings between himself and Appellee, the trial court judge: (1) "act[ed] outside the scope of her authority"; (2) "demonstrate[d] an unethical bias toward[s] a litigant"; and (3) "secretly attached [an] order of protection to the public record unlawfully and had worked with . . . counsel for Nolensville PD to quiet the matter until the court had adjudicated the divorce to finality . . . ."

On March 24, 2026, the trial court entered an "Order Denying Ex-Husband's Third Motion to Recuse." The trial court denied the motion on several grounds. First, it found

that the motion did "not present specific facts supported by competent evidence that would require recusal." Second, the "[u]nsupported assertions and subjective suspicions" Appellant relied on in his motion did not satisfy the requirement that the party seeking recusal "'state, with specificity, all factual and legal grounds' supporting disqualification . . . ." (citing Tenn. Sup. Ct. R. 10B § 1.01). Third, the trial court found that "[n]othing in [Appellant's] motion identifies any extrajudicial source of bias or any conduct that would cause an objective, knowledgeable person to reasonably question [the court's] impartiality." Finally, the trial court found that Appellant's motion was untimely.

On April 10, 2026, Appellant filed the instant "Petition for Recusal Appeal Pursuant to Tennessee Supreme Court Rule 10B," which is being heard as an "accelerated interlocutory appeal as of right" pursuant to § 2.01 of Rule 10B.

## II. Issue

When reviewing a Tennessee Supreme Court Rule 10B appeal, the only order this Court may review is the trial court's order that denies a motion to recuse. **Duke v. Duke**, 398 S.W.3d 665, 668 (Tenn. Ct. App. 2012) ("Pursuant to [Tennessee Supreme Court Rule 10B], we may not review the correctness or merits of the trial court's other rulings[.]"). Accordingly, the sole issue is whether the trial court erred in denying the Appellant's motion for recusal. **Williams by & through Rezba v. HealthSouth Rehab. Hosp. N.**, No. W2015-00639-COA-T10B-CV, 2015 WL 2258172, at *5 (Tenn. Ct. App. May 8, 2015).

## III. Pro Se Status

While we are cognizant of the fact that Appellant is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." **Brown v. Christian Bros. Univ.**, 428 S.W.3d 38, 46 (Tenn. Ct. App. 2013). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." **Hodges v. Tenn. Att'y Gen.**, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing **Paehler v. Union Planters Nat'l Bank, Inc.**, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." **Young v. Barrow**, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citing **Edmundson v. Pratt**, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); **Kaylor v. Bradley**, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995)).

## IV. Standard of Review

Tennessee Supreme Court Rule 10B governs appeals from orders denying motions to recuse. Pursuant to § 2.01 of Rule 10B, a party is entitled to an "accelerated interlocutory appeal as of right" from an order denying a motion for disqualification or recusal. The appeal is perfected by filing a petition for recusal appeal with the appropriate appellate

court. Tenn. Sup. Ct. R. 10B, § 2.02.

"The party seeking recusal bears the burden of proof." *In re Samuel P.*, No. W2016-01592-COA-T10B-CV, 2016 WL 4547543, at *2 (Tenn. Ct. App. Aug. 31, 2016) (citing *Williams ex rel. Rezba*, 2015 WL 2258172, at *5; *Cotham v. Cotham*, No. W2015-00521-COA-T10B-CV, 2015 WL 1517785, at *2 (Tenn. Ct. App. Mar. 30, 2015)). Specifically, "[a] party challenging the impartiality of a judge 'must come forward with some evidence that would prompt a reasonable, disinterested person to believe that the judge's impartiality might reasonably be questioned.'" *Id.* (quoting *Duke v. Duke*, 398 S.W.3d 665, 671 (Tenn. Ct. App. 2012)). This requires, *inter alia*, the timely filing of a motion in the trial court that "shall state, with specificity, all factual and legal grounds supporting disqualification of the judge[.]" Tenn. Sup. Ct. R. 10B, § 1.01. Additionally, "[t]he motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials." *Id.*

Our standard of review in a Rule 10B appeal is *de novo*. *See* Tenn. Sup. Ct. R. 10B, § 2.01. "De novo is defined as 'anew, afresh, a second time.'" *Simms Elec., Inc. v. Roberson Assocs., Inc.*, No. 01-A-01-9011-CV-00407, 1991 WL 44279, at *2 (Tenn. Ct. App. Apr. 3, 1991) (quoting Black's Law Dictionary, 392 (5th ed. 1979)).

If, after reviewing the petition and supporting documents, we determine that no answer is needed, we may act summarily on the appeal. Tenn. Sup. Ct. R. 10B, § 2.05. Otherwise, this court must order an answer and may also order further briefing by the parties. *Id.* Tennessee Supreme Court Rule 10B § 2.06 also grants this court the discretion to decide the appeal without oral argument. Following a review of the petition for recusal appeal, we have determined that neither an answer, additional briefing, nor oral argument is necessary, and we elect to act summarily on the appeal in accordance with Rule 10B §§ 2.05 and 2.06.

### V. Analysis

Interlocutory recusal appeals require "meticulous compliance with the provisions of Rule 10B." *Johnston v. Johnston*, No. E2015-00213-COA-T10B-CV, 2015 WL 739606, at *2 (Tenn. Ct. App. Feb. 20, 2015. In pertinent part, Rule 10B requires:

> Any party seeking . . . recusal, . . . of a judge of a court of record. . . shall do so by a written motion . . . . **The motion shall be supported by an affidavit under oath or a declaration under penalty of perjury on personal knowledge and by other appropriate materials**. The motion shall state, with specificity, all factual and legal grounds supporting disqualification of the judge and **shall affirmatively state that it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.**

Tenn. Sup. Ct. R. 10B § 1.01 (emphases added). With these principles in mind, we turn to Appellant's petition.

Here, Appellant's recusal motion fails to satisfy the requirements outlined in Rule 10B § 1.01, *supra*. Specifically, the motion is not supported by an affidavit or declaration, and it does not affirmatively state that it was not presented for any improper purpose. These omissions, standing alone, are sufficient to dismiss the appeal. *See Moncier v. Wheeler*, No. E2020-00943-COA-T10B-CV, 2020 WL 4343336, at *3 (Tenn. Ct. App. July 28, 2020) ("When a petitioner fails to support a motion with this mandatory affidavit or declaration under penalty of perjury, we have repeatedly held that the request for recusal was waived."); *Hobbs Purnell Oil Co., Inc. v. Butler*, No. M2016-00289-COA-R3-CV, 2017 WL 121537, at *14 (Tenn. Ct. App. Jan. 12, 2017) (concluding that the recusal issue was waived where the appellant failed to provide an affidavit or declaration and failed to state that the motion was not presented for an improper purpose).

By failing to include an affidavit in support of the recusal motion, Appellant failed to file an essential component required by Rule 10B. *See Jordan v. Jordan*, No. E2024-01731-COA-T10B-CV, 2024 WL 5135834, at *3 (Tenn. Ct. App. Dec. 17, 2024) (citing Tenn. Sup. Ct. R. 10B, § 1.01) (dismissing the recusal denial appeal where "Petitioner [] failed to file with this court an essential component of her recusal motion—the affidavit[.]"). We reach the same result here; Appellant's failure to strictly comply with the requirements of Tennessee Supreme Court Rule 10B § 1.01 is fatal to his appeal.

## VI. Conclusion

For the foregoing reasons, the appeal is dismissed. Costs of the appeal are assessed to the Appellant, Orson E. Steward. Execution for costs may issue if necessary.


s/ Steven Maroney
STEVEN W. MARONEY, JUDGE